# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC.,** | **MISC NO. _____** |
| Plaintiffs, | **PENDING IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)** |
| v. | |
| **L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC.,** | **Civil Action No. CV08-03172RMW** |
| Defendants. | |
| **SOFTWARE RIGHTS ARCHIVE, LLC,** | **PENDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS (MARSHALL DIVISION)** |
| Plaintiff, | |
| v. | |
| **GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL LLC, and LYCOS, INC.,** | **Civil Action No. 2:07-cv-511 (CE)** |
| Defendants. | |

**OPENING BRIEF IN SUPPORT OF GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., AND LYCOS, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY THIRD PARTIES SRA, LLC AND ALTITUDE CAPITAL PARTNERS, L.P. PURSUANT TO RULE 45 SUBPOENAS**

DATED: February 11, 2009

FISH & RICHARDSON PC
Raymond N. Scott, Jr. (# 4949)
Gregory R. Booker (# 4784)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Fax: (302) 652-0607
Email: rqs@fr.com
        grb@fr.com
Attorneys for Movants GOOGLE INC. and
AOL LLC

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
Maryellen Noreika (# 3208)
1201 N. Market Street
Wilmington, DE 19801
Telephone: 302-658-9200
Fax: 302-658-3989
Email: mnoreika@mnat.com

Attorneys for Movant YAHOO! INC.

RICHARDS, LAYTON & FINGER, P.A.
Jeffrey L. Moyer (#3309)
Anne Shea Gaza (#4093)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Fax: (302) 651-7701
Email: moyer@rlf.com
Email: gaza@rlf.com

Of counsel:

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Claude M. Stern
Jennifer A. Kash
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Fax: (650) 801-5100
Email: claudestern@quinnemanuel.com
Email: jenniferkash@quinnemanuel.com

Attorneys for Movants IAC SEARCH &
MEDIA, INC. and LYCOS, INC.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .............................................................................................. ii

I.     Nature And Stage Of The Proceedings ............................................................. 1

II.    Summary Of Argument ........................................................................................ 1

III.   Statement of Facts ............................................................................................... 3

       A.    The Patent Lawsuits .................................................................................. 3

       B.    The Parties ................................................................................................. 5

       C.    SRA and Altitude Capital Refused to Produce Responsive Documents ........ 7

       D.    The Parties' Attempts to Meet and Confer ............................................. 11

IV.   ARGUMENT ...................................................................................................... 12

       A.    Altitude Capital Should Be Compelled to Produce Responsive Documents ........ 13

             1.    Documents related to Altitude Capital's relationship with SRA and Software Rights Archive (Request Nos. 4, 16, & 20) ............................... 14

             2.    Documents related to any efforts to commercialize, monetize, license, market, buy or sell the patents-in-suit, related patents, and/or related applications, such as offer letters, term sheets, disclosures, offers for sale, and correspondence (Request Nos. 13, 21, 30, 33, 36, 40, 44, & 45) ........................................................ 16

             3.    Documents related to the patents-in-suit, patent issues in the case (including their ownership, chain of title, validity, enforceability, and alleged infringement) and the named inventors (Request Nos. 1-3, 5-15, 17, & 22-45) ....................................................................... 17

       B.    SRA Should Be Compelled to Produce Responsive Documents ........................ 18

V.    Conclusion ........................................................................................................ 20

# TABLE OF AUTHORITIES

**CASES**

*Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins. Corp.*,
    No. 08-00017-JLH, 2008 WL 4853620 (E.D. Ark. Nov. 6, 2008) ........................................13

*Corning, Inc. v. SRU Biosys., LLC*,
    223 F.R.D. 191 (D. Del. 2004) ........................................12

*Dainippon Screen Manuf. Co., Ltd. v. CFMT, Inc.*,
    142 F.3d 1266 (Fed Cir. 1998)........................................14

*First Am. Corp. v. Price Waterhouse LLP*,
    154 F.3d 16 (2nd Cir. 1998)........................................12

*Gabe Staino Motors, Inc. v. Volkswagon of Am., Inc.*,
    No. 99-5034, 2003 WL 25666135 (E.D. Pa. Feb. 28, 2003) ........................................12

*Howard v. Everex Sys., Inc.*,
    228 F.3d 1057 (9th Cir. 2000) ........................................18

*In re Exxon Valdez*,
    142 F.R.D. 380 (D.D.C. 1992)........................................13

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
    519 F.Supp.2d 905 (W.D. Wisc. 2007)........................................14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 45 ........................................1, 2, 12

# I.    NATURE AND STAGE OF THE PROCEEDINGS

This is a miscellaneous action under Fed. R. Civ. P. 45.  Movants Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. (collectively "Movants"), respectfully request this Court to compel the production of documents in response to *subpoenae duces tecum* issuing out of this District to Respondents SRA, LLC ("SRA") and Altitude Capital Partners, L.P. ("Altitude Capital," together with SRA, "Respondents"), third parties with respect to two pending patent litigations: (i) *Google Inc., et al. v. L. Daniel Egger et al.*, Case No. 5:08-CV-03172 RMW (N. D. Cal., San Jose Division) ("the California Action"), and (ii) *Software Rights Archive, LLC v. Google Inc., et al.*, Case No. 2:07-CV-511 (E.D. Tex., Marshall Division) ("the Texas Action").

# II.    SUMMARY OF ARGUMENT

SRA and Altitude Capital should be compelled to produce highly relevant documents concerning two pending patent litigations involving Software Rights Archive, LLC ("Software Rights Archive"), a holding company that they own and apparently control for the sole purpose of asserting certain patents against the Movants.

Pursuant to Rule 45, the Movants served SRA and Altitude Capital with *subpoenae duces tecum* issuing out of this District for documents relevant to the issues in the California Action and/or the Texas Action.[1]  This Court has jurisdiction over SRA and Altitude Capital, both

---

[1]    Ex. A & B, respectively.  All exhibits referenced in this brief are attached to the Declaration of Gregory R. Booker In Support of Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc.'s Motion to Compel the Production of Documents by Third Parties SRA, LLC, and Altitude Capital Partners, L.P. Pursuant to Rule 45 Subpoenas filed contemporaneously herewith.

Delaware entities, and, as the issuing court of these subpoenas, has authority to compel production from Respondents. *See* Fed. R. Civ. P. 45(c)(2)(B)(i).

Respondents have refused to produce several categories of documents that are highly relevant to several important issues in the Texas and California Actions.

*First*, Respondents have improperly refused to produce documents regarding their corporate structure and relationship with each other and Software Rights Archive, the alleged owner of the patents. This information is highly relevant to Software Rights Archive's pending motion to dismiss, transfer, or stay the California Action for lack of personal jurisdiction. In that motion, Software Rights Archive claims that the California courts do not have personal jurisdiction over it, even though it admits that, of the two events in its existence, one was "a transaction that occurred in Northern California," and the other was a lawsuit primarily against California companies.[2] On information and belief, Software Rights Archive and SRA are both shell companies that were established for the sole purpose of asserting the same patents against Movants. Thus, for personal jurisdiction purposes, they do not have distinct corporate identities, and the California contacts of one can be used to establish personal jurisdiction over the other. For similar reasons, corporate information about Altitude Capital, the ultimate entity that appears to control both Software Rights Archive and SRA, is also highly relevant to personal jurisdiction over Software Rights Archive (and its pending motion to dismiss the California Action).

*Second*, Respondents have refused to provide documents regarding their efforts to commercialize, monetize, license, or market the patents in suit. This information is relevant to numerous issues in the underlying actions, including for example alleged damages.

---

[2] *See infra* at fn. 33.

*Third*, Respondents have refused to produce documents relating to the asserted patents themselves and the named inventors. Discovery in the Texas and California Actions has commenced, and all documents are properly discoverable from the Respondents in the ordinary course of collecting information. There is no legitimate basis for the refusal by them to provide the information set forth above, and Respondents have provided no such basis. Instead, Respondents have served boilerplate objections asserting that Movants' discovery requests are irrelevant, overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. These objections are meritless. Movants' discovery requests are clear on their face and seek clearly relevant information. Production of this narrowly-defined information in no way poses an "undue burden" under Rule 45. Moreover, Altitude Capital and SRA are closely connected to the California and Texas Actions and, therefore, are not entitled to the full range of protection normally afforded to third parties. Although they are technically third parties to the two underlying actions, on information and belief, one or both of them completely controls Software Rights Archive, a shell entity who opposes Movants in both the California and Texas Actions. Accordingly, Movants respectfully request that the Court compel full and complete production by Respondents in response to both subpoenas issued by Movants.

## III. STATEMENT OF FACTS

### A. The Patent Lawsuits

***The Texas Action:*** Software Rights Archive sued Movants in the Eastern District of Texas on November 21, 2007, in an action styled *Software Rights Archive, LLC v. Google Inc.,*

*et al.* (Case No. 2:07-CV-511), alleging that Movants' Internet search engines infringe three patents.[3]

Before the scheduling conference in the Texas Action, Movants determined that Software Rights Archive does not own the patents-in-suit and therefore lacked standing to bring the Texas Action. Accordingly, on July 16, 2008, Movants moved to dismiss the Texas Action for lack of subject matter jurisdiction. As part of that briefing, Movants sought discovery from Software Rights Archive and third parties as to the standing issue. Part of that discovery included Requests Nos. 1-14 of the subpoena served on third party Altitude Capital (Ex. B).

***The California Action:*** In addition, on July 1, 2008, Movants filed a declaratory judgment action, Case No. 5:08-CV-03172 RMW, in the Northern District of California against the true patent owner, Site Technologies, Inc. ("Site Technologies"), as well as against Software Rights Archive and Daniel Egger ("Egger"), the founder of Software Rights Archive and the first named inventor on the contested patents. The California Action seeks, *inter alia*, declaratory judgments of non-infringement, invalidity, unenforceability, and lack of ownership of the asserted patents.[4]

On November 10, 2008, Software Rights Archive, Egger and Site Technologies moved to dismiss, transfer, or stay the California Action arguing in part that the California court lacked personal jurisdiction over Software Rights Archive.[5] Movants seek discovery as to Software Rights Archive's contacts with California and/or with parent and controlling entities that, on

---

[3] Ex. C.

[4] Ex. D at 9-11.

[5] Ex. E.

information and belief, conduct business in California on Software Rights Archive's behalf or as its alter ego. Such activities may include the solicitation of funding to support the underlying litigations.

*Contested Issues:* Between the California Action and the Texas Action, there are several contested issues, including Software Rights Archive's direct and indirect contacts with California, the alleged ownership, validity, enforceability, and infringement of the asserted patents, and the alleged damages for the accused infringement. Documents pertaining to these issues are highly relevant to the controversies and further are reasonably calculated to lead to the discovery other admissible evidence.

## B.    The Parties

*Movants:*  Google Inc., AOL, LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc., are entities that provide various Internet services. All five have been accused of patent infringement in the Texas Action, and are declaratory judgment plaintiffs in the California Action.

*Software Rights Archive:*  Software Rights Archive is the plaintiff in the Texas Action and has alleged that Movants infringe three United States Patents that Software Rights Archive purports to own. Software Rights Archive is a Delaware limited liability company that is the continuation of a corporation Egger founded on January 7, 2004. Software Rights Archive disclosed in the Texas Action that it is wholly owned by SRA, but did not disclose who owns SRA. In response to Movants' interrogatory, Software Rights Archive disclosed that there is a

"stakeholder" behind it, but refused to disclose the identity of this controlling "stakeholder."[6] Software Rights Archive appears to share the same address as Altitude Capital, however.

*SRA:* SRA, a Delaware limited liability company, is allegedly the sole owner of Software Rights Archive. SRA refused to produce any documents in response to Movants' subpoena. On information and belief, SRA is wholly owned and/or controlled by Altitude Capital or other shell entities owned by Altitude Capital. SRA appears to have no business except to attempt to shield Altitude Capital from the underlying actions.

*Altitude Capital:* Altitude Capital is a Delaware limited partnership that specializes in "Venture-Funded Litigation" and advertises that it pools funds from "numerous hedge funds, family offices, and other institutional and high net worth investors."[7] Altitude Capital further purports on its website to have an "interdisciplinary team" that engages in a "due diligence process ... to provide expert analysis of the assets," i.e., the patents that it is asserting through its "Venture-Funded Litigation" program.[8]

The available evidence indicates that Altitude Capital is the ultimate stakeholder and controller of Software Rights Archive. The only disclosed officer of Software Rights Archive, Russ Barron, is also employed or affiliated with Altitude Capital.[9] In public filings, Software Rights Archive disclosed its address as Altitude Capital's address in New York City.[10]

---

[6] Ex. F.

[7] Ex. G & H.

[8] Ex. H.

[9] Ex. G at 1.

[10] Ex. I.

Furthermore, an electronic message disclosed by Egger (the founder of Software Rights Archive) referred to a deal with Joby Hughes, believed to be a co-founder of Altitude Capital.[11] Software Rights Archive's litigation counsel concurrently represented Altitude Capital in filing its initial objections, and further alleged that Altitude Capital's communications with Software Rights Archive were protected by "common interest privileges."[12] However, neither Altitude Capital nor Software Rights Archive has disclosed what basis they have for alleging a "common interest privilege."

### C.     SRA and Altitude Capital Refused to Produce Responsive Documents

In an effort to discover information relevant to several issues in the California Action and the Texas Action, Movants served subpoenas seeking documents on SRA and Altitude Capital.

*Altitude Capital:* On October 21, 2008, Movants served a Rule 45 document subpoena on Altitude Capital for documents relevant to the standing and patent issues, and also to its relationship with Software Rights Archive, an issue relevant to personal jurisdiction in the California Action.[13] On December 22, 2008, in response to Movants' subpoena Altitude Capital produced 227 pages, almost entirely comprised of public documents.[14] However, Altitude Capital failed to produce numerous categories of documents including:

---

[11] *See* Appendix E to Ex. B. In addition, at least one of Software Rights Archive's outside counsel, Victor Hardy, previously was a principal of Altitude Capital. *See* http://www.private-equity.org.uk/pe-firms/pa.cfm?PageNum_firms=24.

[12] Ex. J.

[13] Ex. B.

[14] The production in large part was comprised of a copy of one of the asserted patents, copies of patent assignments recorded at the Patent Office, public corporate filings of Site Technologies and its former subsidiary, and two public articles concerning accused technology from Google.

- Documents related to Altitude Capital's relationship with SRA or Software Rights Archive, including documents identifying their members, directors, management, and substantial interest holders; agreements (including ownership agreements and documents on the distribution of proceeds from the Texas Action); stock certificates; and stockholder registries (*see, e.g.*, Request Nos. 4, 16, & 20);

- Documents related to any efforts to commercialize, monetize, license, market, buy or sell the patents-in-suit, related patents, and/or related applications, such as offer letters, term sheets, disclosures, offers for sale, and correspondence (*see, e.g.*, Request Nos. 13, 21, 30, 33, 36, 40, 44, & 45);

- Documents related to Altitude Capital's relationship with Daniel Egger, including documents on the distribution of proceeds from this litigation (*see, e.g.*, Request No. 16); and

- Documents related to the patents-in-suit and patent issues in the case, including their ownership, chain of title, validity, enforceability, and the alleged infringement (Request Nos. 1-3, 5-15, 17, & 22-45).

In refusing to produce these documents, Altitude Capital relied upon *pro forma* objections that the requests were irrelevant, overbroad, unduly burdensome, and unlikely to lead to discoverable evidence.[15] Altitude Capital then declared that, subject to its objections, it had no documents.[16] Despite Movants' written request to please clarify, for every document request in Plaintiffs' subpoena (dated October 21, 2008), whether Altitude Capital does not have such requested documents in its possession, custody, or control, or whether Altitude Capital has such documents but refuses to produce them,"[17] Altitude Capital refused to provide such clarification. Movants, thus, must assume that Altitude Capital possesses relevant and responsive documents but has withheld them. Moreover, although Altitude Capital also claimed various privileges for documents within each of Movants' requests, it never produced a privilege log despite Movants'

---

[15]  Ex. J & K.

[16]  *Id.*

[17]  Ex. L.

request that it do so.[18] Nor has Altitude Capital offered any explanation for why it alleges a common legal interest with any other party or person (such as Software Rights Archive) so as to claim a "common interest privilege."

*SRA, LLC:* On November 24, 2008, Movants served a document subpoena on SRA, the parent of Software Rights Archive,[19] and requested:

- Documents related to any capital, equity, loans, lines of credit, or funds obtained from, or solicited from persons in California by SRA, Software Rights Archive, or SRA, LLC's agents, principals, and/or any related or controlling entities (*see, e.g.*, Request No. 4);

- Documents related to SRA's relationship with Software Rights Archive (and any predecessor in interest, including Software Rights Archive, Inc.), such as ownership agreements, stock certificates, and stock-holder registries (*see, e.g.*, Request Nos. 1, 6);

- Documents related to SRA's directors and/or persons or entities that exercise control over SRA, such as identification of the directors/parents, contracts or other agreements with directors, and annual reports (*see, e.g.*, Request No. 6);

- Documents related to SRA's relationship, if any, with Altitude Capital, such as ownership agreements, stock certificates, and stock-holder registries. (*see, e.g.*, Request No 2); and

- Documents relating to California contacts by SRA and/or Software Rights Archive (*see, e.g.*, Request Nos. 9-12).

All these categories relate to the issue of whether the District Court in the Northern District of California has personal jurisdiction over Software Rights Archive. SRA was also asked to produce documents relating to Egger (Request No. 7) and the patents-in-suit (Request No. 8), all of which are relevant and/or reasonably calculated to lead to the discovery of admissible evidence.

---

[18] *Id.*

[19] Ex. A.

Despite the fact that these requests call for information relevant to the California Action and/or the Texas Action, SRA refused to produce even a single document on the grounds that such information is allegedly irrelevant to personal jurisdiction and is protected from disclosure by the attorney-client privilege and attorney work product doctrine.[20] More specifically, SRA stated that subject to its objections – including its blanket "relevance" objection – it has "no documents responsive" to Movants' requests. *Id*. However, despite Movants' written request that SRA please clarify, for every document request in Plaintiffs' subpoena (dated November 24, 2008), whether SRA does not have such requested documents in its possession, custody, or control, or whether SRA has such documents but refuses to produce them,[21] SRA refused to provide such clarification. Movants, thus, must assume that SRA possesses relevant and responsive documents but has withheld them. Moreover, although SRA also claimed various privileges for documents within each of Movants' requests, like Altitude Capital, SRA never produced a privilege log despite Movants' request that it do so.[22]

*Software Rights Archive:* It is also noteworthy that Software Rights Archive itself, a party to the two underlying actions, refused to produce documents relating to its relationship with Altitude Capital and its contacts with California. For example, Software Rights Archive refused to produce documents in response to document requests served by Movants in the California Action seeking jurisdictional information and moved to quash Movants' 30(b)(6)

---

[20] Ex. M at 4-9.

[21] Ex. N.

[22] *Id.*

deposition notice to Software Rights Archive on these issues.[23] Movants are opposing this motion and have very recently moved to compel the production of documents by Software Rights Archive.[24] Neither of these two motions have been decided.

In short, SRA and Altitude Capital (the Respondents here) and their related entity – Software Rights Archive – have stonewalled Movants' efforts to obtain discovery on highly relevant and discoverable issues.

### D.     The Parties' Attempts to Meet and Confer

Movants have attempted to meet and confer with counsel for Software Rights Archive, SRA, and Altitude Capital through both written and oral communications in an effort to resolve this dispute without seeking assistance from the Court. On January 22, 2009, Movants sent a meet and confer letter to counsel for SRA (who is also counsel for Software Rights Archive). In this letter, Movants emphasized the relevance of the discovery sought and requested that SRA confirm whether any responsive documents exist.[25] On January 23, 2009, Movants sent a similar meet and confer letter to counsel for Altitude Capital (one of whom also is counsel for SRA and Software Rights Archive).[26] Altitude Capital responded by email on January 29, 2009, stating it believed its responses were "reasonable in light of the requests."[27] A meet and confer telephone conference with counsel for Altitude Capital on February 5, 2009 resulted in no agreement or

---

[23] Ex. O.

[24] Ex. P.

[25] Ex. N.

[26] Ex. L.

[27] Ex. Q.

11

further narrowing of the issues. Counsel for Software Rights Archive and SRA, LLC responded by letter on January 29, 2009 and flatly rejected Movants' complaint that the document productions by Software Rights Archive, SRA and Altitude Capital are insufficient.[28] Left with no choice, Movants filed this motion.

## IV. ARGUMENT

SRA and Altitude Capital have no legitimate basis for refusing to produce documents in response to the Rule 45 subpoenas. "[I]t is well-recognized that the Federal Rules allow for broad and liberal discovery." *Corning, Inc. v. SRU Biosys., LLC*, 223 F.R.D. 191, 193 (D. Del. 2004) (internal quotation marks omitted). Moreover, "[t]he non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." Fed. R. Civ. P. 45, Advisory Comm. Notes to 1970 Amendments; *see also First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2nd Cir. 1998).

Under Fed. R. Civ. P. 45(c)(2)(B)(i), an opposing party may properly move to compel production of documents that a third party fails to produce. To assess such a challenge, the Court should consider the relevance and need for such information, the scope of the requests, the time period encompassed, and the burden imposed. *See, e.g., Gabe Staino Motors, Inc. v. Volkswagen of Am., Inc.*, No. 99-5034, 2003 WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003). As shown below, SRA and Altitude Capital have refused to produce documents that are highly relevant to personal jurisdiction and other issues in the California Action and/or the Texas

---

[28]  Ex. R.

Action, and would not be unfairly burdened.  These entities should be compelled to produce the requested documents.

### A.  Altitude Capital Should Be Compelled to Produce Responsive Documents

As explained above, Altitude Capital appears to completely control both Software Rights Archive and SRA and is believed to be funding and directing the Texas Action.  Therefore, Altitude Capital likely possesses documents that are highly relevant to several important issues in the Texas Action and the California Action.[29]  Given Altitude Capital's apparent immediate and controlling interest in the underlying litigations, it has no cause to complain about being subject to discovery.  *See, e.g., In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992) (noting that "it is relevant to inquire whether the putative non-party actually has an interest in the outcome of the case."); *see also Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins. Corp.*, No. 08-00017-JLH, 2008 WL 4853620, at *2 (E.D. Ark. Nov. 6, 2008) (noting there is no "absolute rule providing that the party must first seek [ ] documents from an opposing party before seeking them from a non-party").

---

[29]  Altitude Capital's counsel raised the objection, without citing authority, that "It is flatly improper for you to use a subpoena in one action to assist you in another action."  Ex. Q. Movants disagree.  As reflected in D.I. 45 (Ex. S) in the California Action, the parties have agreed that discovery in either the California Action or the Texas Action may be used in the other.  As detailed above, it appears that Altitude Capital, far from being an uninterested third party, is controlling Software Rights Archive and thus has no ground for objecting to Software Rights Archive's agreement with Movants to allow discovery in one action to be used in the other.

### 1.	Documents related to Altitude Capital's relationship with SRA and Software Rights Archive (Request Nos. 4, 16, & 20)

These requests that fall within the category of documents that will reveal the relationship between Altitude Capital, SRA, and Software Rights Archive, which Altitude Capital has refused to produce include:

> 4.	Documents sufficient to show the members, directors, management, and substantial interest holders in Software Rights Archive, LLC and/or SRA, LLC.
>
> 16.	All documents and things relating to any relationship, agreements, and/or transactions between any of You, Daniel Egger, the other inventors of the Patents-In-Suit, Software Rights Archive, LLC and SRA, LLC.
>
> 20.	All documents and things relating to Your acquisition of any stake or interest, whether or not direct, in Software Rights Archive, LLC and/or SRA, LLC.

Documents in these categories are plainly relevant to the issue of whether Software Rights Archive and SRA are mere shell entities, existing to shield Altitude Capital and/or Egger from discovery, from personal jurisdiction in California, and from liability for bringing suit against Movants.[30] These documents would also identify persons acting on behalf of Software Rights Archive, and may well reveal California contacts made on behalf of Software Rights Archive. In addition, financial details of the relationship may be relevant to the issues of alleged damages for the alleged infringement.

---

[30]	*See, e.g., Taurus IP, LLC v. DaimlerChrysler Corp.*, 519 F.Supp.2d 905, 917–23 (W.D. Wisc. 2007) (holding that patent holding company was subject to personal jurisdiction in forum where its parent and managing member had contacts with the state); *see also Dainippon Screen Manuf. Co., Ltd. v. CFMT, Inc.,* 142 F.3d 1266, 1271 (Fed Cir. 1998).

Furthermore, Altitude Capital's counsel challenged Movants to come forward with information that Software Rights Archive and SRA are undercapitalized:[31]

> Has a claim been made that a particularly entity is too thinly capitalized? Is there a claim of alter ego liability? Insufficient insurance? Fraudulent incorporation to destroy diversity?

Indeed, Movants' document requests are directed in part to discovering exactly the information that Altitude Capital's counsel appreciates is relevant to the alter ego relationship between Software Rights Archive and the entities that control it. Incongruously, Software Rights Archive, SRA, and Altitude Capital have all refused to produce this very information and the identity of persons so knowledgeable.

Moreover, Altitude Capital did not have any particularized objections to Movants' requests. Despite raising claims of privilege, Altitude Capital did not provide a privilege log identifying any allegedly privileged documents. Indeed, Altitude Capital's primary objection appears to be that the requests are unduly broad and burdensome. This is not the case. Request No. 4 merely asks for "documents *sufficient to show* the members, directors, management, and substantial interest holders (emphasis added)" in Software Rights Archive and SRA – likely the answer resides in just a few pages. Requests Nos. 16 and 20 are limited to the relationship agreements, and/or interest between Altitude Capital and Software Rights Archive, SRA, and the named inventors on the patents. All available information suggests that Altitude Capital's only relationship with each of these persons and entities is in connection with the patents being asserted against Movants. Thus, the relevance of these document requests cannot be denied, and

---

[31] Ex. Q.

Altitude Capital has not disclosed any basis for its conclusory assertion that the requests are overly broad and unduly burdensome.

Altitude Capital should therefore be compelled to produce responsive documents to Request Nos. 4, 16, and 20.

**2.    Documents related to any efforts to commercialize, monetize, license, market, buy or sell the patents-in-suit, related patents, and/or related applications, such as offer letters, term sheets, disclosures, offers for sale, and correspondence (Request Nos. 13, 21, 30, 33, 36, 40, 44, & 45)**

Request No. 13 is a representative request showing what documents Altitude Capital has refused to produce that fall within the category of documents that will reveal efforts by Respondents themselves, as well as others, to commercialize, monetize, license, market, buy or sell the patents-in-suit, related patents and/or related applications. Request No. 13 reads as follows:

> 13.    All documents and things relating to any efforts and/or attempts, whether or not successful, to commercialize, market, license, monetize, buy and/or sell the Patents-In-Suit, Related Patents, and/or Related Applications.

Altitude Capital did not object that these documents are not relevant to the two patent litigations. It merely stated that these documents were allegedly subject to various privileges and "irrelevant to the issue of standing." First, it is unclear how the vast majority of documents in this category could be privileged, and Altitude Capital has not produced a privilege log claiming any such privilege. Second, standing is but one issue in the patent litigations. Documents in this category are relevant, e.g., to the issue of the supposed damages for the alleged infringement that Software Rights Archive is claiming in the Texas Action. Thus, Altitude Capital has not lodged a legitimate objection to this request, and any responsive documents should be produced. Similarly, documents responsive to Requests Nos. 13, 21, 30, 33, 36, 40, 44, and 45 are relevant and should be produced.

### 3. Documents related to the patents-in-suit, patent issues in the case (including their ownership, chain of title, validity, enforceability, and alleged infringement) and the named inventors (Request Nos. 1-3, 5-15, 17, & 22-45)

Several requests in the subpoena concern the patent issues in this litigation, including the alleged ownership of the patents, the chain of title to the patents, validity and enforceability of the patents, prior art, the accused infringement, the potential bias of the named inventors as witnesses, laches, and the supposed damages for the alleged infringement. (*See, e.g.*, Request Nos. 1-3, 5-15, 17, & 22-45).

Altitude Capital professes to be a venture fund that sponsors patent litigation and performs due diligence on patent assets. The evidence suggests that Altitude Capital is sponsoring the litigation against Movants. Accordingly Movants have a strong basis for believing that Altitude Capital has numerous documents in its possession, custody, and control that relate to the patent issues in the California Action and the Texas Action. For example, it is reasonable to presume that Altitude Capital performed a review of the asserted patents for its investors and therefore is in possession of prior art, information about accused systems, other allegedly infringing systems, information about the prosecution of the asserted patents and related patent applications, licensing information, disclosures to investors (including possibly in California), and other marketing materials (e.g., to investors discussing the asserted patents and/or technology). Furthermore, there is a real risk that Altitude Capital is retaining documents damaging to its patent case by using the purportedly separate corporate identity of Software Rights Archive to attempt to shield these documents from being within the scope of Software Rights Archive's production obligations as a party.

Altitude Capital does not deny having responsive documents, yet it failed to make any proper objections to Movants' requests. For its objections, Altitude Capital merely repeated

boilerplate objections that each request was "vague, ambiguous, overly broad, and seek[ing] irrelevant information," without offering any basis for these allegations. Altitude Capital also alleged that each objection called for privileged information, but did not provide a privilege log despite a request for same. It further claimed "work product" protection, but now professes to be a non-party, and thus unconnected to the litigation against Movants.[32] These objections therefore should be overruled and the production of responsive documents compelled.

### B.    SRA Should Be Compelled to Produce Responsive Documents

SRA has no legitimate basis for resisting discovery of documents concerning its contacts with California. SRA claims to be the sole owner of Software Rights Archive, and Software Rights Archive proclaims that "[i]n its four-year history, it has done just two things: In February 2005, it acquired the patents-in-suit from Daniel Egger in a transaction that occurred in Northern California, and in November 2007, it filed its patent lawsuit against Plaintiffs in the Eastern District of Texas."[33] In essence, Software Rights Archive is merely the pawn of SRA, and ultimately Altitude Capital, in bringing the Texas Action against Movants.

Software Rights Archive has disputed personal jurisdiction in the Northern District of California. Under Ninth Circuit law, where "it appears, at the pleading stage, that [the subsidiary] is merely a shell that is entirely controlled by [the parent], we disregard [the subsidiary's] separate identity for personal jurisdiction purposes." *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1069 n.17 (9th Cir. 2000). Thus, any documents concerning SRA's relationship

---

[32]    Even if Altitude Capital were somehow "involved" in the litigation, it is unclear how that would entitle it to a claim of work product protection.

[33]    Ex. E at 10.

with Software Rights Archive and Altitude Capital (*see* Request Nos. 1-3, 13) are relevant to the contested personal jurisdiction issue and must be produced. If Software Rights Archive and SRA are mere shells ultimately controlled by Altitude Capital, then the California contacts of these controlling entities are additional bases for personal jurisdiction over Software Rights Archive in the Northern District of California. *Id.*

SRA's main objections to Movants' requests are that they call for "privileged documents" and that the topics are "irrelevant to personal jurisdiction." However, as the *Howard* case from the Ninth Circuit confirms, these matters are highly relevant to the contested jurisdictional issue.[34] Thus, SRA cannot deny the relevance of document requests relating to its own contacts with California, as well as Software Rights Archive's contacts with California. (Request Nos. 9-12). Furthermore, any direct or indirect solicitation or procurement of funds from California for Software Rights Archive's litigation would also be relevant to personal jurisdiction over Software Rights Archive in California. (*See, e.g.*, Request Nos. 4-5). Movants have thus sought documents on any capital, equity, or other funds that SRA or others received from California and funneled to Software Rights Archive.

Movants have also sought documents identifying SRA's directors and/or persons who exercise control over SRA. (Request No. 6). This request is relevant to ascertain whether any of these individuals reside in California or have reached into California for the benefit of SRA and/or Software Rights Archive, and further are reasonably calculated to lead to other admissible evidence. Similarly relevant are documents in SRA's possession regarding the underlying Texas Action and/or California Action, or any attempted licensing and enforcement of the asserted

---

[34] *See also* 228 F.3d at 1069 fn. 30.

patents. (*See, e.g.*, Requests Nos. 7-8). Indeed, as with Altitude Capital's documents concerning the patents and related issues, SRA's documents concerning the patents are similarly relevant, even apart from the personal jurisdiction issue. Finally, as with Altitude Capital, it would not be unduly burdensome for SRA to respond fully to the requests at issue here, given its close connection to Software Rights Archive, and the risk that corporate shells are being used as attempted discovery shields.

## V.    CONCLUSION

For the reasons set forth above, Movants respectfully request that the Court enter an order (a) overruling Altitude Capital's objections, (b) overruling SRA's objections, (c) compelling Altitude Capital to produce all non-privileged responsive documents in response to the document requests in the subpoena dated October 21, 2008 within 10 days of the date of the Court's Order, (d) compelling SRA to produce all non-privileged documents in response to the subpoena dated November 24, 2008 within 10 days of the Court's Order, (e) compelling Altitude Capital to produce a privilege log within 10 days of the Court's Order, and (f) compelling SRA to produce a privilege log within 10 days of the Court's Order.

Dated:  February 11, 2009                    Respectfully submitted,

                                        By:  /s/ Gregory R. Booker
                                             Raymond N. Scott, Jr. (# 4949)
                                             Gregory R. Booker (# 4784)
                                             FISH & RICHARDSON PC
                                             222 Delaware Avenue, 17th Floor
                                             P.O. Box 1114
                                             Wilmington, DE  19899-1114
                                             Telephone:  (302) 652-5070
                                             Fax:  (302) 652-0607
                                             Email:  rqs@fr.com
                                                     grb@fr.com

                                        Attorneys for Movants GOOGLE INC. and AOL, LLC

By: /s/ Maryellen Noreika
    Maryellen Noreika (# 3208)
    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
    1201 N. Market Street
    Wilmington, DE 19801
    Telephone: 302-658-9200
    Fax: 302-658-3989
    Email: mnoreika@mnat.com

Attorneys for Movant YAHOO! INC.


By: /s/ Jeffrey L. Moyer
    Jeffrey L. Moyer (# 3309)
    Anne Shea Gaza (# 4093)
    RICHARDS, LAYTON & FINGER, P.A.
    One Rodney Square
    920 North King Street
    Wilmington, Delaware 19801
    Telephone: (302) 651-7700
    Facsimile: (302) 651-7701
    Email: moyer@rlf.com
    Email: gaza@rlf.com

Of counsel:

Claude M. Stern
Jennifer A. Kash
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: claudestern@quinnemanuel.com
Email: jenniferkash@quinnemanuel.com

Attorneys for Movants IAC SEARCH & MEDIA, INC.
and LYCOS, INC.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has

been served by FEDEX on the following counsel for SRA, LLC, and Altitude Capital Partners,

L.P. on February 11, 2009:

Lee Landa Kaplan
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 221-2300
Fax: (713) 221-2320
Email: lkaplan@skv.com

(for SRA, LLC)

Andrew W. Hayes
Hayes & Maloney LLP
1 Rockefeller Plaza, Suite 1005
New York, N.Y. 10020-2075
Telephone: (212) 554-3120
Fax: (212) 554-3121

(for Altitude Capital Partners, L.P.)

/s/ Gregory R. Booker
Gregory R. Booker