IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Misc. No. 09-017 (UNA) |
| v. | ) ) | PENDING IN THE UNITED STATES DISTRICT COURT FOR THE |
| L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC., | ) ) ) ) | NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION) |
| Defendants. | ) | Civil Action No. CV08-03172RMW |
| SOFTWARE RIGHTS ARCHIVE, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | PENDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS |
| GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL LLC, and LYCOS, INC. | ) ) ) | (MARSHALL DIVISION) |
| Defendants. | ) ) | Civil Action No. 2:07-CV-511 (CE) |

**SRA, LLC'S OPPOSITION TO GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., AND LYCOS, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY SRA, LLC AND ALTITUTE CAPITAL PARTNERS, L.P. PURSUANT TO RULE 45 SUBPOENAS**

DATED: March 2, 2009

SCHNADER HARRISON SEGAL & LEWIS LLP
Michael J. Barrie (#4684)
824 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (facsimile)
mbarrie@schnader.com

SMYSER KAPLAN & VESELKA, L.L.P.
Lee L. Kaplan
Kristen L. McKeever
Raj Duvvuri
700 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 221-2300 (telephone)
(713) 221-2320 (facsimile)

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ............................................................................................ ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS .................................1

SUMMARY OF ARGUMENT ..........................................................................................1

STATEMENT OF FACTS ...............................................................................................3

ARGUMENT AND AUTHORITIES ..................................................................................6

     I.     The motion to compel should be denied as unduly burdensome and as a waste of judicial resources where Movants have invoked the jurisdiction of the California court to compel the very same discovery from a party to the litigation....................................................6

     II.    The motion to compel should be denied because the requested documents are not relevant to any claim or defense in the litigation......................9

          A.    There is no basis to disregard corporate identities.................................. 10

          B.    The corporate structure documents and documents regarding Respondents' California contacts are not relevant to the question of personal jurisdiction over Software Rights Archive. ............ 13

     III.   In any event, Movants' discovery requests are overbroad...................................15

CONCLUSION .........................................................................................................15

CERTIFICATE OF SERVICE .........................................................................................17

Page

**Cases**

*Campbell Pet Co. v. Miale*,
 542 F.3d 879 (Fed. Cir. 2008) ................................................................................. 14

*Dainippon Screen Manufacturing Co. v. CFMT, Inc.*,
 142 F.3d 1266 ........................................................................................................ 13

*EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*,
 2008 WL 4057745 (Del. Ch. Sept. 2, 2008) ........................................................... 11

*Freudensprung v. Offshore Tech. Servs.*, *Inc.*,
 379 F.3d 327 (5th Cir. 2004) .................................................................................. 10

*Haworth, Inc. v. Herman Miller*, *Inc.*,
 998 F.2d 975 (Fed. Cir. 1993) .............................................................................. 7, 8

*HMG/Courtland Props., Inc. v. Gray*,
 729 A.2d 300 (Del. Ch. 1999) ................................................................................ 11

*Maloney-Refaie v. Bridge at School, Inc.*,
 958 A.2d 871 (Del. Ch. 2008) ................................................................................ 11

*Mobil Oil Corp. v. Linear Films, Inc.*,
 718 F. Supp. 260 (D. Del. 1989) ....................................................................... 12, 13

*Moon v. SCP Pool Corp.*,
 232 F.R.D. 633 (C.D. Cal. 2005) .............................................................................. 8

*S.E.C. v. Hickey*,
 322 F.3d 1123 (9th Cir. 2003) ................................................................................ 10

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
 519 F. Supp. 2d 905 (W.D. Wis. 2007) ................................................................. 13

*Travelers Indem. Co. v. Metro. Life Ins. Co.*,
 228 F.R.D. 111 (D. Conn. 2005) ............................................................................... 7

*Wallace v. Wood*,
 752 A.2d 1175 (Del. Ch. 1999) .............................................................................. 11

*Wechsler v. Macke Int'l Trade, Inc.*,
    486 F.3d 1286 (Fed. Cir. 2007) ............................................................................. 10

*Wiwa v. Royal Dutch Petroleum Co.*,
    392 F.3d 812 (5th Cir. 2004) ................................................................................. 15

**Rules**

FED. R. CIV. P. 26(b)(2)(C) ........................................................................................ 7

FED. R. CIV. P. 45(c)(3)(A)(iv) .............................................................................. 7, 15

SRA, LLC submits this brief in opposition to Google, Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc.'s ("Movants'") motion to compel the production of documents pursuant to Rule 45 subpoenas, and respectfully requests that the Court deny Movants' motion for the reasons stated below.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This proceeding is ancillary to actions pending in two related patent cases: (1) *Software Rights Archive*, *LLC v. Google Inc.*, *Yahoo*! *Inc.*, *IAC Search & Media*, *Inc.*, *AOL LLC*, *and Lycos*, *Inc.*; C.A. No. 2:07-cv-511(CE); In the United States District Court for the Eastern District of Texas (Marshall Division) (the "Texas Action"); and (2) *Google*, *Inc.*, *AOL LLC*, *Yahoo*! *Inc.*, *IAC Search & Media*, *Inc.*, *and Lycos*, *Inc. v. L. Daniel Egger, Software Rights Archive, LLC, and Site Technologies, Inc.*; C.A. No. CV08-03172RMW; In the United States District Court for the Northern District of California (San Jose Division) (the "California Action"). Software Rights Archive, LLC filed the Texas Action in November 2007; Movants filed the California Action in July 2008. Movants seek to compel from non-parties SRA, LLC and Altitude Capital Partners, L.P. ("Altitude Capital") (collectively, "Respondents") the production of documents in response to subpoenas duces tecum that issued from this District.

## SUMMARY OF ARGUMENT

Movants seek two types of documents from SRA, LLC:

1. Documents regarding SRA, LLC's corporate structure and investors, its relationship with Software Rights Archive, LLC and Altitude Capital, and contacts by SRA, LLC and Software Rights Archive, LLC with the State of California ("corporate structure documents"); and

2. Documents regarding Daniel Egger and the patents-in-suit ("merits documents").

SRA, LLC has no documents in the second category. The Court should deny Movants' motion to compel documents in the first category for at least two reasons.

First, Movants' requests are unnecessary and unduly burdensome because Movants have sought these very corporate structure documents from Software Rights Archive, LLC ("Software Rights Archive"), the plaintiff in the Texas Action and the declaratory judgment defendant in the California Action. Software Rights Archive has resisted discovery on relevance grounds, and Movants have filed a motion to compel in the California Action. Movants' filing of this motion to compel the very same documents from non-parties rather than waiting for the California court to decide the issue is typical of Movants' pattern of needlessly multiplying these proceedings, and it is improper. It would be a waste of judicial resources for this Court to analyze and rule on the relevance of the requested documents, and it would create the potential for inconsistent rulings. Movants have sought this discovery from a party to the litigation and invoked the jurisdiction of the California court to compel it, and their efforts to get two bites at the apple should be denied.

Second, the corporate structure documents are irrelevant. Movants argue that the corporate structure documents are relevant to a challenge to personal jurisdiction made by Software Rights Archive in the California Action. Of course, the general rule is that only the contacts of the defendant itself with the forum state are relevant to determining personal jurisdiction. Recognizing that Software Rights Archive plainly lacks sufficient California contacts to give rise to personal jurisdiction, Movants seek to dodge this rule by making the naked allegation that Software Rights Archive and SRA, LLC are "shell companies" allegedly controlled by Altitude Capital, which Movants contend negates the entities' corporate separateness such that they are one and the same for purposes of personal jurisdiction.

The Court should not countenance this far-fetched theory. If Movants' argument were accepted, any plaintiff could file a declaratory judgment suit against a defendant in a state where

it knows the defendant is not subject to jurisdiction, and then harass all the entities in the defendant's ownership chain with sweeping document requests in the hope of discovering that some entity in the chain has contacts with the forum state. Corporate identities cannot be so lightly disregarded.

Moreover, Movants have no good faith basis for alleging that Software Rights Archive's affiliates would be subject to jurisdiction in California. Movants should know from their own records that no one contacted any of the Movants prior to suit to allege infringement of the patents-in-suit—an indispensable prerequisite to the assertion of specific personal jurisdiction in a declaratory judgment action seeking a declaration of non-infringement such as the California Action. And, as the attached declaration (which counsel for SRA previously offered to Movants) demonstrates, no entity with a controlling stake in Software Rights Archive is subject to the general jurisdiction of a California court. Even assuming Movants had some ground to disregard corporate identities and travel up the corporate ownership chain of Software Rights Archive— which they do not—the corporate structure documents they seek are nevertheless irrelevant to the jurisdictional question.

Movants' motion to compel is nothing more than a fishing expedition to discover the identities of the investors with an indirect interest in Software Rights Archive—information that is confidential and has no legitimate purpose in this lawsuit. The motion should be denied in its entirety.

<h3 style="text-align:center">STATEMENT OF FACTS[1]</h3>

This motion to compel relates to a patent infringement lawsuit initially brought in November 2007 by Software Rights Archive in the Eastern District of Texas against Google Inc.,

---

[1] The facts relevant to this ancillary proceeding relate largely to the procedural history of the case and the claims and defenses made in various motions.

Yahoo! Inc., IAC Search & Media, Inc., AOL LLC, and Lycos, Inc., who are the Movants in this Court. The patented technology was invented by Daniel Egger and relates to internet search engines employing link analysis. Egger applied for what would become the patents-in-suit (two of his colleagues are co-inventors on one of the patents). In November 1993 and June 1996, Egger and his colleagues assigned the patents-in-suit to Libertech, Inc., which subsequently changed its name to Site/Technologies/Inc. ("Site/Tech"). Site/Tech was acquired by DeltaPoint, Inc., which later changed its name to Site Technologies, Inc. ("Site Tech"). Egger re-acquired the patents in September 1998 pursuant to an assignment from Site Tech. He, in turn, assigned the patents to Software Rights Archive.

In the Texas Action, Movants filed a motion to dismiss for lack of standing in July 2008, arguing that there is a gap in Software Rights Archive's chain of title. Movants' standing challenge was extensively briefed and submitted to the Eastern District of Texas for decision in December 2008. In the course of the briefing Movants requested, and secured extensive discovery on, the standing issue, including three individuals' depositions and over fifty boxes of documents from Site Tech. Movants nonetheless sought to compel the same categories of documents from Site Tech's former attorneys after the standing question had already been submitted for decision. Site Tech and its attorneys have resisted production on privilege grounds, and those motions to compel are pending. Now, two months after the standing question has been submitted, Movants seek to compel the same categories of documents from non-party Altitude Capital. (*See* Opening Br. in Support of Movants' Mot. to Compel the Production of Documents by Third Parties SRA, LLC and Altitude Capital, cited herein as "Opening Br.," at 4).

Since Software Rights Archive filed this case in November 2007, Movants have needlessly multiplied the proceedings. In July 2008, in addition to the motion to dismiss in the Texas Action, Movants filed a mirror-action declaratory judgment suit in the Northern District of California against Software Rights Archive, Egger, and Site Tech, based on the same standing arguments they raised in the first-filed Texas Action.

Software Rights Archive and the other declaratory judgment defendants filed a motion to dismiss, transfer, or stay the California Action. (Defs.' Mot. to Dismiss, Transfer, or Stay, attached hereto as Ex. 1.) Software Rights Archive argued that the California court should dismiss the duplicative action under the first-to-file rule or transfer the case to the Eastern District of Texas. (Ex. 1 at 3-9.) Alternatively, Software Rights Archive argued as an independent basis for dismissal that the California court lacked personal jurisdiction over it and Daniel Egger.[2] (Ex. 1 at 10-19.) Movants noticed the deposition of Daniel Egger (who had already been deposed on the standing issue), and Egger appeared for this second deposition and testified as to his lack of relevant contacts in California. Not satisfied with this, Movants also noticed a 30(b)(6) deposition of Software Rights Archive, purportedly on jurisdictional issues related to the motion to dismiss, transfer, or stay, which Software Rights Archive has moved to quash. (Defs.' Mot. to Quash Pls.' 30(b)(6) Notice of Dep., attached hereto as Ex. 2.) Movants opposed the motion to quash and filed a cross-motion to compel Software Rights Archive to produce documents "relating to [Software Rights Archive]'s contacts with California and the California contacts of its closely-related parent companies and possible alter egos, SRA, LLC and Altitude Capital Partners, L.P." (Pls.' Opp'n to Defs.' Mot to Quash Pls.' 30(b)(6) Notice of

---

[2]     Software Rights Archive argued as still another independent basis for dismissal that the California court lacked subject matter jurisdiction over Movants' claims against Site Tech and Egger. (Ex. 1 at 20-21.)

Dep. to Def. Software Rights Archive, LLC and Pls.' Cross-Mot. to Compel, attached hereto as Ex. 3, at 2.)  The hearing on the motion to dismiss, transfer, or stay, along with the hearing on the motion to quash and cross-motion to compel, was postponed by agreement, and the parties have secured hearing dates for the discovery motions on April 17 and the motion to dismiss, transfer, or stay on May 22.[3]  (*See* Joint Am. Notice of Mots., attached hereto as Ex. 4.)

In the meantime, Movants filed this Delaware motion to compel documents from non-parties SRA, LLC and Altitude Capital Partners, L.P.  Movants seek the same documents from Respondents that Movants have sought from Software Rights Archive in the California Action.

ARGUMENT AND AUTHORITIES

**I.     The motion to compel should be denied as unduly burdensome and as a waste of judicial resources where Movants have invoked the jurisdiction of the California court to compel the very same discovery from a party to the litigation.**

Throughout the course of this lawsuit, Movants have exhibited a pattern of needlessly multiplying the proceedings, and this ancillary proceeding to compel documents from non-parties is no exception.  Movants seek discovery as to the identity of any and all owners having an interest in Software Rights Archive—regardless how attenuated the connection and regardless whether any such interest holder has any contacts with California—and as to any and all California contacts that any such interest holder has ever had.

But Movants have already requested ***this very discovery*** from plaintiff and declaratory judgment defendant Software Rights Archive, and Movants' entitlement to the discovery will

---

[3]      Not satisfied with duplicative litigation, Movants attempted to open a third front.  Just before Thanksgiving, Movants formed an alliance with a purported creditor in a closed bankruptcy and sought to reopen the long-closed bankruptcy of Site Technologies, Inc., which had sold the patents to Daniel Egger.  *In re Site Technologies, Inc.*, Case No. 99-50736 RLE, in the Bankruptcy Court for the Northern District of California, San Jose Division.  Movants contended, as they do in their standing challenge, that the patents-in-suit belong to the bankruptcy estate of Site Technologies, Inc.  The bankruptcy court reopened the proceedings for a status conference and then continued them until April 2009 pending a ruling of the Eastern District of Texas as to standing.

6

shortly be decided by the Northern District of California.[4]  In its motion to compel this discovery

from Software Rights Archive in the California Action, Movants made arguments identical to the

ones made here.  In the California motion, Movants argued that "[o]n information and belief,

both SRA and SRA, LLC are controlled by Altitude Capital" and that Movants were "entitled to

explore the relationship between SRA and these other entities."  (Ex. 3 at 5.)   Movants claimed

that this information was relevant because, if Software Rights Archive and SRA, LLC were

"mere shells," then the California contacts of Altitude Capital would be "highly relevant to the

issue of personal jurisdiction."  (Ex. 3 at 5.)   Movants even cited the same case law.  As

explained more fully below, SRA, LLC disputes the relevance of the requested documents.

Rather than waiting for a ruling on their motion to compel the information from the

California district court, Movants multiplied the litigation yet again by filing this ancillary

proceeding to compel the information from non-parties.  This maneuvering is improper for two

reasons.  First, the requested discovery is obtainable, if appropriate, "from some other source that

is more convenient, less burdensome, [and] less expensive"—namely, Software Rights Archive.

FED. R. CIV. P. 26(b)(2)(C); *Haworth*, *Inc. v. Herman Miller*, *Inc.*, 998 F.2d 975, 978 (Fed. Cir.

1993).  Courts "give special weight to the burden on non-parties of producing documents to

parties involved in litigation," *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113

(D. Conn. 2005), and Movants' subpoena improperly subjects SRA, LLC to a completely

unnecessary burden because, if discoverable, the documents are available from—and in fact have

been sought from—a party to the litigation.  *See* FED. R. CIV. P. 45(c)(3)(A)(iv).

The instant case is analogous to *Haworth*, *Inc. v. Herman Miller*, *Inc.*, 998 F.2d 975 (Fed.

Cir. 1993), in which the Federal Circuit affirmed the district court's denial of a motion to compel

---

[4]        Software Rights Archive contends the discovery is unnecessary and vexatious.

documents from a non-party where the documents were available from a party to the litigation. In that patent infringement case, the defendant sought a settlement agreement between the plaintiff and a non-party whom the plaintiff had also sued for infringing the patents-in-suit. *Id*. at 977. The defendant requested the documents from both the plaintiff and the non-party, but moved first to compel production from the non-party. *Id*. The district court denied the motion to compel, reasoning that "notions of judicial economy and efficiency" mandated that the defendant should first attempt to obtain the documents from the opposing party. *Id*. The court of appeals affirmed, explaining that "the need for discovery in an ancillary proceeding 'is diminished when the information is obtainable elsewhere.'" *Id*. at 978 (quotation omitted); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quashing subpoena on ground that it imposed undue burden on non-party where the requests all pertained to a party defendant, reasoning that plaintiffs could more easily and inexpensively have obtained the documents from the defendant).

Second, Movants have already invoked the jurisdiction of the California court to rule on the relevance of discovery concerning Software Rights Archive's corporate structure and its owners' corporate structure, and that court is best suited to rule on the issues presented by the instant motion to compel. For example, Movants claim that documents concerning corporate structure are relevant solely to explore personal jurisdiction over Software Rights Archive in response to Software Rights Archive's motion to dismiss. The personal jurisdiction argument was, however, an argument made in the alternative; Software Rights Archive first argued that the entire California action should be dismissed under the first-to-file rule. (Ex. 1 at 3-9.) If the California court dismisses the case on that primary ground, then discovery concerning personal jurisdiction is moot. Additionally, as explained below, the potential relevance of documents

concerning corporate structure is connected to the merits arguments on the personal jurisdiction question—a question that is before that court and with which that court is familiar.

It would be a waste of judicial resources for two federal district courts to analyze and rule on the relevance of the requested documents to the claims and defenses in the lawsuit, and it would create the potential for inconsistent rulings. Where the documents requested from non-party SRA, LLC are duplicative of documents requested from a party to the litigation, and where Movants have already invoked the jurisdiction of the California court to rule on Movants' entitlement to those documents, Movants' motion to compel discovery from these non-parties should be denied.

## II. The motion to compel should be denied because the requested documents are not relevant to any claim or defense in the litigation.

Movants' motion to compel documents concerning corporate structure is a fishing expedition designed to discover the names of the investors in Software Rights Archive to no legitimate end. Movants' argument as to why corporate structure documents are relevant is so convoluted that it requires parsing.

Movants claim that "Respondents have improperly refused to produce documents regarding their corporate structure and relationship with each other and Software Rights Archive," information that Movants claim is "highly relevant" to Software Rights Archive's challenge to personal jurisdiction in the California Action. (Opening Br. at 2.) This relevance argument is based on a hypothetical, as Movants admit: *if* Software Rights Archive is the alter ego of SRA, LLC, then Movants claim that, for jurisdictional purposes, the California contacts of one can be used to establish jurisdiction over the other. (Opening Br. at 2.) The purported relevance of Altitude Capital documents is a further step removed: *if* Software Rights Archive is the alter ego of SRA, LLC, and *if* SRA, LLC is the alter ego of Altitude Capital, then, so the

argument goes, the California contacts of all of these entities would be relevant. (Opening Br. at 2.)

The Court should not countenance this far-fetched theory. If Movants' argument were accepted, any plaintiff could file a declaratory judgment suit against a defendant in a state where it knows the defendant is not subject to jurisdiction, and then harass all the entities in the defendant's ownership chain with sweeping document requests in the hope of discovering that some entity in the chain has contacts with the forum state. The Court should deny the motion to compel.

## A. There is no basis to disregard corporate identities.

The first problem with Movants' relevance claim is that they have no basis to disregard Software Rights Archive's corporate independence and travel up the ownership chain to fish for documents. "As a general rule . . . the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004). The presumption of institutional independence is not rebutted lightly. *Id.*

Movants seek to get around Software Rights Archive's lack of California contacts by implying that SRA, LLC and Software Rights Archive are the alter egos of Altitude Capital, such that the contacts of one should be imputed to the others for purposes of personal jurisdiction. (Opening Br. at 18.) Software Rights Archive, LLC is a company organized under Delaware law, so the applicable law for purposes of applying the alter ego doctrine is Delaware law.[5]

---

[5] In determining whether a corporation is the alter ego of a shareholder, the Federal Circuit applies the law of the regional circuit. *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1295 (Fed. Cir. 2007) ("Since the alter ego issue is not unique to patent law, we apply the law of the regional circuit."). The Ninth Circuit in turn applies the law of the forum state. *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) ("We apply the law of the forum state in

Under Delaware law, determination of whether the contacts of a shareholder may be imputed to the corporation "must start with an examination of factors which reveal how the corporation operates and the particular defendant's relationship to that operation. These factors include whether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functions properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder." *Maloney-Refaie v. Bridge at School, Inc.*, 958 A.2d 871, 881 (Del. Ch. 2008) (internal quotation marks omitted). Importantly, "an overall element of injustice or unfairness must always be present, as well." *EBG Holdings*, 2008 WL 4057745, at *11. Delaware courts "appl[y] the alter ego theory rather strictly" in this context. *HMG/Courtland Props., Inc. v. Gray*, 729 A.2d 300, 307 (Del. Ch. 1999).

Movants seek discovery from SRA, LLC and Altitude Capital to explore an alleged alter ego relationship among the parties. Movants' argument is based on an allegation that Software Rights Archive and SRA, LLC may be "mere shells ultimately controlled by Altitude Capital." (Opening Br. at 19.) But discovery on this theory is inappropriate because, even if Movants were provided with all the corporate structure documents they now seek, they would ***still*** not be able to make out a case for application of the alter ego doctrine. Regardless of what the corporate structure documents show about the relationship among the entities, Movants can have no claim that the corporate structure in this case is causing fraud or similar injustice—a defect that is fatal to any alter ego claim. *See, e.g., Wallace v. Wood*, 752 A.2d 1175, 1184 (Del. Ch.

---

determining whether a corporation is an alter ego of an individual." (internal quotation marks omitted)). Delaware in turn "look[s] to the law of the entity [here, Delaware] in determining whether the entity's separate existence is to be disregarded." *EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745, at *11 (Del. Ch. Sept. 2, 2008) (internal quotation marks omitted).

1999) (explaining that fraud or injustice requirement of alter ego doctrine means that "[e]ffectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud"); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 269 (D. Del. 1989) ("[L]imiting one's personal liability is a traditional reason for a corporation. Unless done deliberately, with specific intent to escape liability for a specific tort or class of torts, the cause of justice does not require disregarding the corporate entity." (quotation omitted)).

The closest Movants come to alleging a fraud or injustice is their vague claim that the discovery sought is necessary to determine whether Software Rights Archive and SRA, LLC "exist[] to shield Altitude Capital and/or Egger from discovery, from personal jurisdiction in California, and from liability for bringing suit against Movants." (Opening Br. at 14.) This claim is both nonsensical and insufficient. It is nonsensical because Movants seek documents regarding Altitude Capital's contacts with California in an attempt to attribute those contacts to Software Rights Archive under an alter ego theory, while at the same time claiming that the alter ego doctrine is applicable because Software Rights Archive is somehow shielding Altitude Capital from personal jurisdiction in California. And, to the extent that Movants are claiming that Altitude Capital is being used to shield Software Rights Archive from personal jurisdiction in California, this claim would be insufficient to establish alter ego. *See, e.g., Mobil Oil Corp.*, 718 F. Supp. at 267, 270 (holding, in patent infringement action, that parent could not be held liable under alter ego theory for infringement by its subsidiary because, despite fact that the two were "closely connected" and "less than steadfast in their observation of corporate formalities," there was no showing of fraud or injustice; noting "that requiring [plaintiff] to enforce its patent rights against [defendant] in another forum is not the kind of injustice—if, indeed, it is an injustice at all—which warrants piercing the corporate veil") (citing cases).

Software Rights Archive owns the patents-in-suit; it is the only proper party to an action involving the patents-in-suit; and it is subject to jurisdiction in the pending Texas Action. The corporate form is not being used to escape the effect of any potentially adverse judgment. *See Mobil Oil Corp.*, 718 F. Supp. at 269-70. There is and can be no cognizable claim that Software Rights Archive, SRA, LLC or Altitude Capital is utilizing the corporate form to perpetrate a fraud or work an injustice upon Movants.[6] Accordingly, discovery as to corporate structure is not reasonably calculated to lead to the discovery of admissible evidence.

In any event, information about corporate structure should be sought from Software Rights Archive itself. Only if Movants have some credible basis for alleging that Software Rights Archive has abused the corporate form should it be able to secure jurisdictional discovery from its alleged alter ego.

**B.**    **The corporate structure documents and documents regarding Respondents' California contacts are not relevant to the question of personal jurisdiction over Software Rights Archive.**

The second problem with Movants' argument is that Movants have no basis to allege that Software Rights Archive's affiliates (much less Software Rights Archive through those affiliates) would be subject to jurisdiction in California. In declaratory judgment actions brought by

---

[6]    The cases cited by Movants are distinguishable for this reason. In *Taurus IP, LLC v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905 (W.D. Wis. 2007), the plaintiff filed a patent infringement lawsuit, and the defendant filed third-party claims against four related entities and the principal who operated all five companies. The court held that the third-party defendants were subject to personal jurisdiction under the alter ego doctrine, where there was an allegation that the third-party defendants fraudulently induced DaimlerChrysler to enter into a licensing agreement to settle a previous patent infringement lawsuit that DaimlerChrysler believed would protect it from lawsuits such as the present one. *Id.* at 911, 920. *Dainippon Screen Manufacturing Co. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998), involved a declaratory judgment action against a competitor, CFM, and that competitor's subsidiary, CFMT, seeking a declaration of noninfringement. CFM had incorporated CFMT as a holding company, assigned the patents-in-suit to CFMT, and then arranged to have those patents licensed back to itself. *Id.* at 1267. CFM argued that the case should be dismissed because the court lacked personal jurisdiction over CFMT, which CFM contended was a necessary party to the litigation as the owner of the patents. The appellate court held that CFMT itself had sufficient contacts with California to subject it to jurisdiction there. *Id.* at 1271. In dicta, the court noted that the parent/subsidiary relationship led to the conclusion that jurisdiction over the subsidiary was reasonable, but the facts of that case are inapposite. *Id.* at 1271. In that case, the parent argued that both it and its subsidiary were necessary parties to any declaratory judgment action and attempted to avoid defending a declaratory judgment action on that basis. Here, by contrast, the only proper party is Software Rights Archive, LLC.

alleged patent infringers seeking declarations of non-infringement and validity, such as the California Action, an indispensible prerequisite to the assertion of specific personal jurisdiction is that the defendant have contacted the forum state plaintiff (through cease-and-desist letters, phone calls, in-person visits, or otherwise) prior to suit to allege infringement of the defendant's patents. *See*, *e.g.*, *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008); *see generally* Ex. 1 at 14-16. As Movants well know, neither Software Rights Archive nor anyone in the Software Rights Archive ownership chain ever contacted any of the Movants prior to the filing of suit to allege infringement of the patents-in-suit. Accordingly, no California contacts of anyone in the Software Rights Archive ownership chain has any conceivable relevance to the question of whether the California court may exercise specific personal jurisdiction over Software Rights Archive.

Moreover, no entity with a controlling ownership stake in Software Rights Archive would be subject to the general jurisdiction of a California court. In order to satisfy Movants' apparent curiosity that Software Rights Archive was hiding behind the veil of a company that conducted business in California, and to avoid the time and expense associated with this motion, counsel for SRA, LLC offered to provide a declaration to Movants confirming that no one in the Software Rights Archive ownership chain was formed under the laws of California, based in California, or had instituted litigation in the California courts if that would end the controversy, but Movants' counsel refused. SRA, LLC attaches to this brief a declaration attesting to facts that conclusively establish that no entity with a controlling ownership stake in Software Rights Archive is subject to general jurisdiction in California. (Decl. of Russell J. Barron, attached hereto as Ex. 5.)

Accordingly, even assuming, *arguendo*, that Movants had a basis for traveling up the ownership chain—which they do not—discovery concerning Software Rights Archive's owners' contacts with California would not lead to the discovery of any admissible evidence.

### III.    In any event, Movants' discovery requests are overbroad.

In any event, the discovery requests directed to SRA, LLC are overbroad because they are not limited to California contacts. Even under Movants' convoluted argument, the only requested documents that could conceivably be relevant to an analysis of the constitutionality of a California court's exercise of personal jurisdiction over Software Rights Archive are documents concerning the ***California contacts*** of Respondents. But Movants have not so limited their requests.

For example, Movants requested documents sufficient to identify any and all owners and/or beneficiaries having an interest in SRA, LLC, including—but not limited to—persons having a residence or place of business in California (Request No. 3). The identity of SRA, LLC's owners and/or beneficiaries is irrelevant even under Movants' analysis; only the California contacts themselves could have any conceivable relevance. The requests are thus overbroad and unduly burdensome. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv) (mandating that subpoenas be quashed or modified where they "subject[] a person to undue burden"); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad.").

### CONCLUSION

For the foregoing reasons, SRA, LLC respectfully requests that the Court deny Movants' motion to compel.

Respectfully submitted,

___/s/ Michael J. Barrie_____
Michael J. Barrie (#4684)
Schnader Harrison Segal & Lewis LLP
824 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (facsimile)
mbarrie@schnader.com

Lee L. Kaplan (Texas Bar No. 11094400)
Kristen L. McKeever (Texas Bar No. 24030775)
Raj Duvvuri (Texas Bar No. 24054185)
(Admitted *pro hac vice*)
700 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320
lkaplan@skv.com
kmckeever@skv.com
rduvvuri@skv.com

ATTORNEYS FOR SRA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2009, I caused the foregoing document to be sent via electronic mail and U.S. Mail to the following:

Andrew W. Hayes
Hayes & Maloney LLP
1 Rockefeller Plaza, Suite 1005
New York, NY 10020-2075
ahayes@hayes-maloney.com

Ramon K. Tabtiang
Fish & Richardson PC
225 Franklin Street
Boston, MA 02110-2804
Tabtiang@fr.com

Thomas B. Walsh, IV
Fish & Richardson, PC
1717 Main Street, Suite 5000
Dallas, Texas 75201
walsh@fr.com

Raymond N. Scott, Jr.
Gregory R. Booker
Fish & Richardson PC
222 Delaware Avenue, 17th Floor
P. O. Box 1114
Wilmington, DE 19899-1114
rscott@fr.com
grb@fr.com

Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19801
mnoreika@mnat.com

Jeffrey L. Moyer
Anne Shea Gaza
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
moyer@rlf.com
gaza@rlf.com

Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
mnoreika@mnat.com

Claude M. Stern
Jennifer A. Kash
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
(650) 801-5100
claudestern@quinnemanuel.com
jenniferkash@quinnemanuel.com

/s/ Kristen L. McKeever