# EXHIBIT 3

1 [SEE SIGNATURE BLOCK FOR COUNSEL]

2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 SAN JOSE DIVISION

| | |
|---|---|
| 11  GOOGLE INC., AOL LLC, YAHOO! INC.,<br>     IAC SEARCH & MEDIA, INC., and<br>12  LYCOS, INC.,<br>13         Plaintiffs,<br>14     v.<br>15  L. DANIEL EGGER,<br>     SOFTWARE RIGHTS ARCHIVE, LLC, and<br>16  SITE TECHNOLOGIES, INC.,<br>17         Defendants. | CASE NO. CV 08-03172-RMW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION TO DEFENDANT SOFTWARE RIGHTS ARCHIVE, LLC AND PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT SOFTWARE RIGHTS ARCHIVE, LLC**<br><br>Hearing Date: February 27, 2009<br><br>Hearing Time: 9:00 AM |

18
19
20
21
22
23
24
25
26
27
28

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS'
CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, Plaintiffs Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. will and hereby do move this Court pursuant to Local Rule 7-2 and Federal Rule of Civil Procedure 37 for an order granting Plaintiffs' Cross-Motion to Compel Production of Documents from Defendant Software Rights Archive, LLC. Plaintiffs' motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and other papers on file in this action, and such further evidence and argument as may be presented at or before the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Plaintiffs, Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc., respectfully ask this Court to **DENY** Defendants' Motion to Quash Plaintiffs' 30(b)(6) Notice of Deposition of Defendant Software Rights Archive, LLC ("SRA"). (Docket No. 63). The Plaintiffs seek to depose a corporate representative of SRA on jurisdictional issues related to SRA's motion to dismiss, transfer, or stay this action. (Docket No. 42). SRA has failed to establish "good cause" to prevent Plaintiffs from obtaining this highly relevant and otherwise discoverable information. Moreover, SRA's refusal to provide a witness unless and until the Plaintiffs disclose their theory of jurisdiction is a transparent attempt to invade the Plaintiffs' work product. The Motion to Quash should therefore be denied.

Plaintiffs also cross-move to compel SRA to produce documents that are necessary for Plaintiffs to fully oppose SRA's motion to dismiss, transfer, or stay. On November 21, 2008 and December 12, 2008, respectively, Plaintiffs served their First and Second Set of Requests for

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

1

Production on SRA, which sought documents relating to SRA's contacts with California and the California contacts of its closely-related parent companies and possible alter egos, SRA, LLC and Altitude Capital Partners, L.P. SRA refused to produce any documents regarding jurisdiction in response to Plaintiffs' requests, although such documents are clearly discoverable under Rule 26(b)(1) because they are reasonably calculated to lead to admissible evidence regarding personal jurisdiction over SRA. Accordingly, Plaintiffs respectfully request that the Court **GRANT** their cross-motion to compel SRA to produce documents responsive to each request in Plaintiffs' First and Second Set of Requests for Production.

## Statement of Facts

### I.  Background

This is a declaratory judgment action regarding three United States patents. Among other things, Plaintiffs seek a declaratory judgment that Defendants SRA and Daniel Egger do not own such patents. On November 10, 2008, the Defendants filed a motion to dismiss, transfer, or stay this action. In the motion, SRA contends that it is not subject to personal jurisdiction in this Court.

### A.  Plaintiffs' Notice of 30(b)(6) Deposition

Plaintiffs' Notice of Deposition to SRA Pursuant to Rule 30(b)(6) (dated December 22, 2008, attached as Exhibit A, and hereinafter "Notice") seeks information related to Plaintiffs' opposition to Defendants' motion to dismiss. Defendant SRA's refusal to produce a witness is without merit and significantly prejudices Plaintiffs in their opposition to Defendants' motion to dismiss (presently due February 6, 2009). SRA has no legitimate basis to refuse to provide a witness and, therefore, Plaintiffs respectfully ask that this Court deny SRA's Motion to Quash, order SRA to produce a witness on the topics in Plaintiffs' Notice within 10 days of the Court's Order, and allow Plaintiffs the opportunity to submit supplemental briefing on Defendants' motion to transfer, dismiss, or stay within 10 days of the deposition.

### B.  Plaintiffs' Request for Production of Documents to SRA

On November 21, 2008 and December 12, 2008, respectively, Plaintiffs served their first and second set of requests for production on SRA.[1] On December 9, 2008 and January 15, 2009, respectively, SRA filed its objections and responses, wherein SRA refused to produce a single document.[2] Instead, SRA generally objected that Plaintiffs' document requests were "irrelevant to personal jurisdiction." SRA objected to the following categories of requests as irrelevant to personal jurisdiction. ***First***, SRA objected to requests that sought documents identifying SRA's directors, owners, and persons having a beneficial interest in SRA's patent infringement lawsuit.[3] ***Second***, SRA objected to every document request that sought information about SRA, LLC, including requests that expressly sought documents relating to SRA, LLC's contacts with California or California citizens.[4] ***Third***, SRA objected to a request that sought documents relating to SRA's relationship with Altitude Capital Partners, L.P.,[5] an investment firm that, upon information and belief, controls both SRA and SRA, LLC.

On January 22, 2009, Plaintiffs sent SRA a letter explaining that these document requests are relevant to establish personal jurisdiction over SRA, and emphasizing SRA's duty to respond to these requests under Rule 26(b)(1).[6] On January 29, 2009, SRA sent a response letter claiming, *inter alia*, that "the demands for documents from SRA, LLC . . . have nothing to do with California personal jurisdiction [over SRA]."[7] SRA also argued that documents relating to SRA's

---

[1] Pursuant to Local Rule 37-2, the document requests and responses at issue on this cross-motion are attached as Exhibits B, C, H & I to the Declaration of Jennifer A. Kash ("Kash Decl.") filed concurrently herewith. *See* Kash Decl. Exs. B, H.
[2] *Id.* at Exs. C, I.
[3] *See id.* at Ex. B (Requests for Production No. 8-10).
[4] *See, e.g.*, Kash Decl. Ex. B (Requests for Production No. 1, 3, 5).
[5] *See id.* (Request for Production No. 11).
[6] Kash Decl. Ex. D.
[7] *Id.* at Ex. E.

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS'
CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

3

"internal structure" are irrelevant to personal jurisdiction over SRA. Ultimately, SRA refused to reconsider its objections and refused to produce any documents in response to Plaintiffs' requests. SRA also refused to disclose whether it is in possession of documents responsive to such requests.[8]

## Argument

### I. SRA's Motion To Quash Should Be Denied

SRA cannot show that relief from Plaintiffs' Notice is warranted. Federal Rule of Civil Procedure 26(c) requires a showing of "good cause" before a court will quash a deposition "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). It is well-settled that a strong showing of "good cause" is required "before a party will be denied entirely the right to take a deposition." *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Indeed, "[f]or good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Excelligence Learning Corp. v. Oriental Trading Co., Inc.*, No. 5:03-CV-4947, 2004 WL 2452834 (N.D. Cal. June 4, 2004); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). As demonstrated below, SRA has failed to establish "good cause."

#### A. Plaintiffs' 30(b)(6) Notice Seeks Information Necessary To Respond To SRA's Objection To Personal Jurisdiction Before This Court

Plaintiffs' Notice seeks information in three specific categories, each of which is directly related to Plaintiffs' opposition to SRA's contention that it is not subject to personal jurisdiction in this Court. First, Plaintiffs' Notice includes topics regarding SRA's relationship with "SRA,

---

[8] *Id.* at Ex. D.

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

4

LLC," Altitude Capital Partners, L.P., Daniel Egger, and any beneficiaries that have an interest in SRA or its present litigation against Plaintiffs in Texas.[9] *See, e.g.*, Notice, at Topics 1–4, 10. SRA appears to be a patent holding company with no present business but litigating three United States patents. SRA's corporate parent is "SRA, LLC," a Delaware-based company that appears to have no present business except that it is a holding company of a patent-holding company. On information and belief, both SRA and SRA, LLC are controlled and owned by Altitude Capital, an investment firm that uses nonpracticing entities to bring patent infringement lawsuits.[10] Plaintiffs are entitled to explore the relationship between SRA and these other entities.[11] Indeed, if SRA and "SRA, LLC" are mere shells to shield Altitude Capital from this Court's jurisdiction, then Altitude Capital's contacts with this forum are highly relevant to the issue of personal jurisdiction. SRA cannot be permitted to hide within this babushka-doll-like structure to avoid litigating in a forum where its actual controlling members have contacts with the state. *See, e.g.*, *Taurus IP, LLC v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 917–23 (W.D. Wisc. 2007) (holding that a patent holding company was subject to personal jurisdiction in a forum where its parent and managing member had contacts with the state); *Mathes v. Nat'l Utility Helicopters Ltd.*, 68 Cal. App. 3d 182,

---

[9] Defendant SRA filed suit against Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. in federal court in Texas. *See* Case No. 2:07-cv-511 (CE) (hereinafter, the "Texas Action").

[10] For instance, SRA shares an address -- 485 Madison Ave., New York, NY, 10022 -- with Altitude Capital. SRA also identified Russ Barron as "in-house counsel" in motion practice in the Texas Action on the scope of the protective order. *See* Joint Motion of the Parties to Notify the Court of (1) Agreements Regarding Protective Order and (2) One Remaining Dispute Regarding Protective Order (Docket No. 99 in the Texas Action), Kash Decl. Ex. F at 3. Mr. Barron is a consultant or advisor to Altitude Capital. *Id.* at 7. Moreover, Altitude Capital appears to engage in regular business in California. *See, e.g.*, http://www.visto.com/news/releases/pdfs/07.02.16_financing.pdf (disclosing an alleged $35M investment in a California corporation), Kash Decl. Ex. G.

[11] Plaintiffs have also served a subpoena on "SRA, LLC" on November 25, 2008, for documents relating to these issues. "SRA, LLC" refused to produce any documents.

1  190 (Cal Ct. App. 1977) (California court finding jurisdiction over an Indonesian corporation

2  based on the parent and grandparent companies' ties to California).

3    Second, Plaintiffs' Notice includes topics regarding SRA's contacts with California—

4  topics undoubtedly relevant to personal jurisdiction in this district. *See, e.g.*, *Breckenridge*

5  *Pharm., Inc. v. Metabolite Labs., Inc.*, 443 F.3d 1356, 1361–62 (Fed. Cir. 2006). Specifically,

6  Plaintiffs' Deposition Notice includes topics regarding SRA's contacts with California, including

7  SRA's efforts to solicit or acquire funds; SRA's business activities in California; its contracts with

8  California; and any communications with persons or businesses in California. *See, e.g.*, Notice, at

9  Topic Nos. 5–9. SRA claims it has done nothing but acquire the patents in February 2005 and file

10 the Texas lawsuit against Plaintiffs in November 2007. Defendants' Mt. to Dismiss, Transfer, or

11 Stay, at 10 (Docket No. 42). Plaintiffs are entitled to test and explore that self-serving statement.

12 For example, one area that is proper grounds for examination is whether any of the funds that are

13 being used to fund SRA's litigations originated from investors in California.

14   Third, Plaintiffs' Notice includes topics regarding SRA's predecessor in interest—a

15 company called Software Rights Archive, Inc. that was formed by Daniel Egger in January 2004.

16 *See, e.g.*, Notice, at Topic Nos. 11–17. SRA cannot avoid Software Rights Archive, Inc.'s

17 contacts with California simply by changing its corporate form. *See, e.g.*, *Minnesota Min. & Mfg.*

18 *Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985) (exercising jurisdiction over

19 successor corporation when it was a "mere continuation" of the predecessor). Software Rights

20 Archive, Inc., for instance, maintained an internet website at http://www.srarchive.com, which

21 presumably drew traffic from visitors located in California before its decommissioning in late

22 2005. Plaintiffs are entitled to explore Software Rights Archive, Inc.'s contacts with California as

23 well as the circumstances surrounding its change in corporate form to Software Rights Archive,

24 LLC.

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS'
CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

6

In short, SRA's motion to quash should be denied because Plaintiffs' Notice seeks targeted discovery on topics directly related to this Court's jurisdiction over SRA.

### B. SRA Has No Legitimate Basis To Evade Plaintiffs' 30(b)(6) Deposition Notice

SRA has no legitimate basis to refuse to produce a corporate representative for deposition. First, SRA mischaracterizes the record when it contends that Plaintiffs have "admitted" that "SRA has no contacts with California whatsoever." Mt. to Quash, at 2. SRA relies on the following statement: "As of November 21, 2007, Defendant SRA's sole business activity has been to prosecute an action against Plaintiffs for alleged infringement of the Patents-in-Suit." Cmplt. for Decl. Relief at ¶ 33 (Docket No. 1). But nothing in Plaintiffs' statement, which has been neither admitted or denied by SRA, precludes SRA from having significant contacts with California prior to or subsequent to filing the Texas lawsuit (for instance, potentially acquiring funds from California investors to acquire the patents and fund the litigation). And even if SRA has no contacts with California, Plaintiffs are entitled to explore the relationship of SRA to its cascading shells of entities and its predecessors, as well as those entities' contacts with California, as explained above.

Second, SRA complains that Plaintiffs have not provided sufficient "justification" for the deposition. But there is no provision of the Federal Rules of Civil Procedure or this Court's Local Rules that requires Plaintiffs to hand over their legal theories, case strategy, deposition outline, and exhibits in advance of the deposition. Indeed, SRA's complaint is no different than asking Plaintiffs for their protected attorney work product prior to the deposition. Plaintiffs provided SRA with a deposition notice that included seventeen (17) topics, all of which relate to the issue of personal jurisdiction; the rules require no more. *See* Fed. R. Civ. P. 30(b)(6) (requiring the notice to "describe with reasonable particularity the matters for examination"). Finally, there is no reason that SRA's corporate representative would be unduly burdened by having to investigate the

noticed topics and testify on them.

## II. Plaintiffs' Cross-Motion to Compel Production of Documents Should Be Granted

SRA cannot evade its obligation to provide documents that are relevant to testing the merits of SRA's motion to dismiss. Accordingly, the Court should compel SRA to produce documents responsive to Plaintiffs' First and Second Set of Requests for Production. The Federal Rules authorize a party to seek documents "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1), 34(a). A party may move to compel production of documents that were improperly withheld in response to a document request under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

Here, SRA should produce documents responsive to Plaintiffs' requests because such documents are highly relevant to several issues raised in SRA's motion to dismiss, such as personal jurisdiction. Just to name three examples, Plaintiffs have requested "documents relating to any contact by [SRA] or SRA, LLC with California of California law."[12] They have requested "documents relating to any capital, equity, line of credit, of funds obtained from, or solicited from persons located . . . in California."[13] And they have requested "documents sufficient to identify all owners and/or beneficiaries having an interest in [SRA], including such persons having a domicile, residence, or place of business in California."[14]

Plaintiffs' requests are relevant to establishing personal jurisdiction over SRA. For example, the document requests concerning the identify of SRA's officers, controlling persons, and individuals with a stake in SRA's lawsuit are relevant to whether any of these individuals

---

[12] *See* Kash Decl. Ex. B at Request for Production No. 3.
[13] *See id.* at Request for Production No. 4.
[14] *See id.* at Request for Production No. 9.

reside in California or have reached into California for the benefit of SRA.[15] If so, then SRA could be subject to personal jurisdiction by virtue of these individuals' actions on SRA's behalf. *See Int'l. Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (a corporation's presence, for personal jurisdiction purposes, is "manifested only by activities carried on in its behalf by those who are authorized to act for it").

Similarly, the document requests that seek information regarding SRA, LLC's contacts with California[16] are also relevant to establishing personal jurisdiction over SRA. As discussed above, the evidence available to date indicates that SRA and SRA, LLC are, on information and belief, both shell companies that were established for the sole purpose of asserting the patents-in-suit and do not transact any other business. Thus, for personal jurisdiction purposes, SRA and SRA, LLC do not have distinct corporate identities, and the California contacts of one can be used to establish personal jurisdiction over the other. *See Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1069 n.17 (9th Cir. 2000) ("Although jurisdiction over a subsidiary does not automatically provide jurisdiction over a parent, where the parent totally controls the actions of the subsidiary so that the subsidiary is the mere alter ego of the parent, jurisdiction is appropriate over the parent as well. Because it appears, at the pleading stage, that [the subsidiary] is merely a shell that is entirely controlled by [the parent], we disregard [the subsidiary's] separate identify for personal jurisdiction purposes.").

For similar reasons, Plaintiffs are entitled to seek documents regarding SRA's relationship with Altitude Capital – the ultimate entity that appears to control both SRA and SRA, LLC. If Altitude Capital does indeed control SRA, then Altitude Capital's contacts with California could establish personal jurisdiction over SRA. *See Taurus IP*, 519 F. Supp. 2d at 917-23; *Mathes*, 68

---

[15] *See id.* at Requests for Production Nos. 8-10, 18, 22.
[16] *See* Kash Decl. Ex. B at Requests for Production Nos. 1, 3, 5.

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

9

Cal. App. 3d at 190. Therefore, for personal jurisdiction purposes, it is entirely proper to inquire into SRA's relationship with Altitude Capital, and SRA cannot claim that documents disclosing this relationship are irrelevant to personal jurisdiction.

### Conclusion

For these reasons, Defendant SRA's motion to quash should be denied, and Plaintiffs' cross-motion to compel production of documents should be granted, so that Plaintiffs can obtain adequate jurisdictional discovery on SRA. Plaintiffs respectfully request that this Court order SRA to produce a corporate representative to testify on the topics in Plaintiffs' Notice and to produce documents responsive to each request in Plaintiffs' First and Second Set of Requests for Production. Plaintiffs further request that the Court provide Plaintiffs with 10 days after the date of the 30(b)(6) deposition and receipt of the documents to allow Plaintiffs the opportunity to submit supplemental briefing on Defendants' motion to transfer, dismiss, or stay.

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

10

Dated:  February 3, 2009

Respectfully submitted,

By: /s/ Thomas B. Walsh, IV
Thomas B. Walsh, IV
*pro hac vice*
Texas Bar No. 00785173
E-mail:  walsh@fr.com
Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX  75201
Telephone:  (214) 747-5070
Facsimile:  (214) 747-2091

Juanita R. Brooks (CA Bar No. 75934)
Jason W. Wolff (CA Bar No. 215819)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099
Email: wolff@fr.com

Attorneys for Plaintiffs GOOGLE INC. and AOL, LLC

By: /s/ Richard. S.J. Hung
Michael A. Jacobs (CA Bar No. 111664)
Richard S.J. Hung (CA Bar No. 197425)
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522
Email: mjacobs@mofo.com

Attorneys for Plaintiff YAHOO! INC.

By: /s/ Jennifer A. Kash
Claude M. Stern (CA Bar No. 96737)
Jennifer A. Kash (CA Bar No. 203679)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: claudestern@quinnemanuel.com
Email:jenniferkash@quinnemanuel.com

Attorneys for Plaintiffs IAC SEARCH & MEDIA, INC. and LYCOS, INC.

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

11

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record by ECF on this 3rd day of February 2009, and a courtesy copy has been served by electronic mail.

Thomas F. Smegal, Jr.
State Bar No. 34819
Law Offices of Thomas F. Smegal, Jr.
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:  (415) 217-8383
Facsimile:  (415) 399-5093

Jay D. Ellwanger
State Bar No. 24036522
DiNovo Price Ellwanger & Hardy LLP
P.O. Box 201690
Austin , Texas 78720
Telephone: (512) 681-4060
Facsimile: (512) 628-3410

Lee L. Kaplan
State Bar No. 11094400
(admitted *pro hac vice*)
Jeffrey A. Potts
State Bar No. 00784781
(admitted *pro hac vice*)
Raj Duvvuri
State Bar No. 24054185
(admitted *pro hac vice*)
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 221-2323
Facsimile: (713) 221-2320
lkaplan@skv.com

Attorneys for Defendants L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC.

                                                    /s/ Jennifer A. Kash
                                                        Jennifer A. Kash

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

12

## DECLARATION OF CONSENT

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Plaintiffs Google Inc., AOL LLC, and Yahoo! Inc.

                                                  /s/ Jennifer A. Kash
                                                  Jennifer A. Kash

51429/2782020.2

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' 30(B)(6) NOTICE AND PLAINTIFFS' CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-08-03172-RMW

13

1 **CERTIFICATE OF CONFERENCE**

2     I certify that counsel for Plaintiffs conferred by letter with counsel for SRA in an attempt
3 to avoid Court intervention over the aforementioned matter, and the attempt to avoid Court
4 intervention was unsuccessful. Therefore, Plaintiffs brings the present Cross-Motion to Compel
5 Production of Documents, which SRA has indicated that it will oppose.

6
7
8                                                                /s/ Jennifer A. Kash
                                                                 Jennifer A. Kash

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28