IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, | ) | Misc. No. 09-017 (UNA) |
| | ) | |
| Plaintiff, | ) | |
| | ) | PENDING IN THE UNITED STATES |
| v. | ) | DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TEXAS |
| GOOGLE INC., YAHOO! INC., IAC SEARCH & | ) | (MARSHALL DIVISION) |
| MEDIA, INC., AOL LLC, and LYCOS, INC. | ) | |
| | ) | Civil Action No. 2:07-CV-511 (CE) |
| Defendants. | ) | |
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC | ) | |
| SEARCH & MEDIA, INC., and LYCOS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | PENDING IN THE UNITED STATES |
| | ) | DISTRICT COURT FOR THE |
| L. DANIEL EGGER, SOFTWARE RIGHTS | ) | NORTHERN DISTRICT OF |
| ARCHIVE, LLC, and SITE TECHNOLOGIES, | ) | CALIFORNIA (SAN JOSE DIVISION) |
| INC., | ) | |
| Defendants. | ) | Civil Action No. CV08-03172RMW |

**ALTITUDE CAPITAL PARTNERS, L.P.'S OPPOSITION TO GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., AND LYCOS, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY SRA, LLC AND ALTITUDE <u>CAPITAL PARTNERS, L.P. PURSUANT TO RULE 45 SUBPOENAS</u>**

DATED: March 2, 2009

SCHNADER HARRISON SEGAL & LEWIS LLP
Michael J. Barrie (#4684)
824 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (facsimile)
mbarrie@schnader.com

HAYES & MALONEY LLP
Andrew W. Hayes
1 Rockefeller Plaza, Suite 1005
New York, NY 10020
Telephone: (212) 554-3120
Facsimile: (212) 554-3121
ahayes@hayes-maloney.com

1

# TABLE OF CONTENTS

PAGE

Table of Authorities ............................................................................................................. iii

Preliminary Statement ............................................................................................................ 1

Procedural History and Facts ................................................................................................. 4

       A.      Movants Have Already Pursued Extensive Discovery in the Texas Action Regarding Software Rights Archive's Corporate Affiliates and Chain of Title to the Patents. ........................................................................ 4

       B.      Movants' Mirror-Action Declaratory Judgment Suit in California. ....................... 5

Argument ................................................................................................................................ 6

       I.      MOVANTS' DEMAND FOR CORPORATE STRUCTURE DOCUMENTS IS DUPLICATIVE OF ISSUES CURRENTLY BEING LITIGATED IN THE CALIFORNIA ACTION. ..................................... 6

       II.     THE CORPORATE STRUCTURE DOCUMENTS ARE NOT RELEVANT TO ANY CLAIM OR DEFENSE IN THE PENDING ACTIONS. ............................................................................................... 7

            A.     Movants' Theory of Relevance Is Factually Insufficient ........................... 7

            B.     Movants' Theory of Relevance is also Legally Flawed .............................. 8

            C.     The Corporate Structure Documents, Documents Regarding California Contacts, and Documents Regarding Monetization Are Also Not Relevant, or Their Production would be Unduly Burdensome ................................................................ 11

       III.    THE DISCOVERY SOUGHT IS UNDULY BURDENSOME ........................... 12

       IV.    IN THE ALTERNATIVE TO DENIAL OF THE MOTION, THE COURT SHOULD TRANSFER THIS PROCEEDING TO THE COURT THAT IS HEARING THE TEXAS ACTION ....................................... 13

Conclusion ............................................................................................................................ 14

TABLE OF AUTHORITIES

**FEDERAL CASES**

*Campbell Pet. Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) .................................................. 11

*Dainippon Screen Manufacturing Co. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998) ........................................................................................................................ 10

*Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) ........................ 8

*Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975 (Fed. Cir. 1993) .................................. 12, 13

*Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260 (D. Del. 1989) ................................. 9, 10

*Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005) ........................................................ 13

*Taurus IP, LLC v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905 (W.D. Wis. 2007) ................... 10

*Travelers Indemnity Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111 (D. Conn. 2005) ........................................................................................................................ 12

**STATE CASES**

*EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745 (Del. Ch. Sept. 2, 2008) ................................................................................................ 9

*HMG/Courtland Props., Inc. v. Gray*, 729 A.2d 300, 307 (Del. Ch. 1999) .................................. 8

*Maloney-Refaie v. Bridge at School, Inc.*, 958 A.2d 871, 881 (Del. Ch. 2008) ............................ 8

*Mason v. Network of Wilm., Inc.*, 2005 WL 1653954 (Del.Ch. 2005) ........................................... 3

*Wallace v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999) ............................................................ 10

**STATUTES**

28 U.S.C. § 1404(a) ..................................................................................................................... 13

**RULES**

Fed. R. Civ. P. 26(b)(2)(C) .......................................................................................................... 12

Fed. R. Civ. P. 45(c)(3)(A)(iv) ..................................................................................................... 12

**Preliminary Statement**

This motion seeks to compel discovery from a non-party in a patent enforcement action pending in the United States District Court for the Eastern District of Texas (Marshall Division) (the "Texas Action")[1], regarding matters that were already pursued in discovery in that action. The propriety of the discovery sought herein is being litigated in that court, and in a later-filed declaratory judgment action in the United States District Court for the Northern District of California (San Jose Division) (the "California Action"[2]; together with the Texas Action, these are referred to as the "Pending Actions").

The Court should transfer this motion to the Texas Action, the first-filed action and the venue from which the subpoena is captioned, where similar issues are being litigated, or it could exercise its discretion to transfer to the later-filed declaratory judgment California Action, in which the same discovery issues are also being litigated between the parties (but in which certain parties dispute the exercise of personal jurisdiction). Alternately, the Court can and should deny the motion because it imposes an unreasonable burden on a non-party and has only the most tenuous connection to the *actual claims and defenses* in the Pending Actions.

The discovery at issue here concerns three types of documents:

1. Documents regarding Altitude Capital's corporate structure and investors and its relationship with Software Rights Archive, LLC ("corporate structure documents");
2. Documents regarding efforts to monetize the patents-in-suit ("monetization documents"); and
3. Documents regarding the named inventors and issues regarding the patents-in-suit ("patent litigation documents").

---

[1] *Software Rights Archive*, *LLC v. Google Inc.*, *Yahoo*! *Inc.*, *IAC Search & Media*, *Inc.*, *AOL LLC*, *and Lycos*, *Inc.*; C.A. No. 2:07-cv-511(CE).

[2] *Google*, *Inc.*, *AOL LLC*, *Yahoo*! *Inc.*, *IAC Search & Media*, *Inc.*, *and Lycos*, *Inc. v. L. Daniel Egger*, *Software Rights Archive*, *LLC*, *and Site Technologies*, *Inc.*; C.A. No. CV08-03172RMW.

Movants have sought each of these types of documents from Software Rights Archive itself, and the scope of permissible discovery *from the parties* is presently being litigated through a motion to compel in the California Action, as well as in the Texas Action. This is, therefore, the quintessential instance of when a court should transfer a motion to compel discovery from a non-party to the court where the underlying action is pending, to avoid the possibility of inconsistent results and the duplication of effort by the Court and counsel.

Because the subpoena was issued in the name of the Texas Action, and for other reasons noted below, we respectfully submit that is the proper transferee court, but it is clear that the Texas Action (or even the California court) is preferable to involving a third federal court in the parties' dispute. In fact, this Court is actually the *fourth* federal court involved, since Software Rights Archive's papers note that defendants have also seen fit to try to reopen a previously-closed bankruptcy case of another entity that was previously involved with the patents at issue.

In the alternative, this Court can and should deny the motion as unduly burdensome. In essence, movants claim that they need discovery to find support for certain alter ego claims they have made – which themselves are insufficiently alleged, as a matter of law – to support the personal jurisdiction allegations in their California Action.

In fact, movants have not even *alleged* the requisite facts necessary to establish personal jurisdiction based on an alter ego theory. Movants' invocation of personal jurisdiction in the California Action rests on the claim that Software Rights Archive – and, apparently, its immediate parent company, known as SRA LLC – are mere "shell companies" created by Altitude Capital for the purpose of pursuing patent litigation such as the Texas Action and insulating Altitude and its investors from retaliatory, multi-front litigation of precisely the kind that movants here seek to unleash. However, creating a special-purpose vehicle to hold certain

intellectual property assets – for purposes of licensing ("monetizing", in movants' terminology) or litigation – is entirely reasonable and, indeed, routine (as movants themselves must know). This is simply not the kind of unlawful or fraudulent activity that Delaware law requires to support a piercing of the corporate veil. *See Mason v. Network of Wilm., Inc.*, 2005 WL 1653954 at *3 (Del.Ch. July 1, 2005).

Nor does the fact that an officer of Altitude is an officer of Software Rights Archive even begin to justify discovery on an alter ego claim, as movants claim (Mot. at 6). Movants (and their venture capital investors) have multiple entities with multiple overlapping layers of officers and directors, and would be the first to howl with derision at the claim that by doing so they were *ipso facto* opening up the parent entities to alter ego liability for claims against their subsidiaries.

Movants even brandish the utter lack of any factual support for their claims as the reason why they should be granted discovery. They have it backwards: movants have not *alleged*, and have no basis to allege, any of the theories which might (if properly alleged) support discovery of the information they now seek.

Moreover, and entirely separately from the preceding, the Declaration of Russel Baron submitted in connection with Software Rights Archive's response to this motion shows that there simply are no jurisdictional ties between the California defendants and any of the parties up the chain of ownership from Software Rights Archive itself. Thus even taken at face value, plaintiffs' demands for corporate structure documents are futile, and should be quashed.

Finally, production of the patent litigation documents would be extremely burdensome because most if not all of those documents were created in the course of performing due diligence on the intellectual property and are privileged (this is why Altitude, in advance of its written response, advised movants that it would not produce a privilege log). Any non-

privileged documents that might exist would be of marginal relevance at best to the actual issues in the Pending Actions – *i.e.*, whether the patents are valid and whether defendants in the Texas Action have infringed on those patents.

**Procedural History and Facts[3]**

**A. Movants Have Already Pursued Extensive Discovery in the Texas Action Regarding Software Rights Archive's Corporate Affiliates and Chain of Title to the Patents.**

This motion arises out of a patent infringement lawsuit filed in November 2007 by SRA in the Eastern District of Texas against Google Inc., Yahoo! Inc., IAC Search & Media, Inc., AOL LLC, and Lycos, Inc. ("movants"). Movants have filed a motion to dismiss the Texas Action for lack of standing, arguing that there is a gap in Software Rights Archive's chain of title. Movants' standing challenge was extensively briefed and submitted for decision in December 2008.

In the course of the briefing their standing motion Movants sought and received extensive discovery on the standing issue, including over fifty boxes of responsive documents from entities involved in the transfer of the patents to Software Rights Archive. *After* that motion was submitted, movants sought to compel further production of documents from the former attorneys for one of the entities in the chain of title. That motion to compel is pending in the Texas Action. Movants now seek to compel the same categories of documents from non-party Altitude Capital, issuing a subpoena from the Texas Action out of this Court.

---

[3] In addition to the salient facts noted here, Altitude adopts and incorporate the factual recitation and arguments set forth in the papers submitted by SRA, LLC in response to this motion.

4

**B.     Movants' Mirror-Action Declaratory Judgment Suit in California**

In July 2008 Movants filed a mirror-action declaratory judgment suit in the Northern District of California against Software Rights Archive and other parties (but *not* Altitude or even SRA, LLC), based on the same standing arguments they raised in the first-filed Texas Action.

Software Rights Archive and the other declaratory judgment defendants moved to dismiss, transfer or stay the California Action in favor of the first-filed infringement action pending in Texas. As an alternative grounds for dismissal, Software Rights Archive and another defendant, Daniel Eggar, argued that that the California court lacked personal jurisdiction over them. The hearing on Software Rights Archive's motion to dismiss, transfer or stay, along with related motions to quash and to compel, is now set for hearing on April 17, 2009.

In the meantime, Movants filed this motion to compel documents from non-parties SRA, LLC and Altitude Capital Partners, L.P. (referred to herein as "Altitude"). Movants seek the same documents from Respondents that Movants have sought from Software Rights Archive in the California Action, the propriety of which is being litigated in that court; after obtaining 50 boxes of documents regarding Software Rights Archive's chain of title to the patents; after pursuing further discovery from counsel who were involved in the transfer of title to the patents to Software Rights Archive, which has led to a motion to compel pending in that court; and after seeking to re-open the bankruptcy proceeding for one of the entities in the chain of title of the patents.[4]

---

[4] *In re Site Technologies, Inc*., Case No. 99-50736 RLE, in the Bankruptcy Court for the Northern District of California, San Jose Division. Movants contended, as they do in their standing challenge, that the patents-in-suit belong to the bankruptcy estate of Site Technologies, Inc. The bankruptcy court reopened the proceedings for a status conference and then continued them until April 2009 pending a ruling of the Eastern District of Texas as to standing.

5

**Argument**

This motion to compel is simply movants' latest effort to increase the time and expense of this action, by bringing spurious issues before a *fourth* federal court. The kindest response to such tactics would be to transfer this proceeding to the court from which the subpoena was issued (the Texas Action), or even the California Action. The fairest response would be to deny the motion on its merits and in its entirety.

**I. MOVANTS' DEMAND FOR CORPORATE STRUCTURE DOCUMENTS IS DUPLICATIVE OF ISSUES CURRENTLY BEING LITIGATED IN THE CALIFORNIA ACTION.**

Movants seek discovery as to the identity of the owners, directors, and managers having an interest in Software Rights Archive—regardless how attenuated the connection and regardless whether any such interest holder has any contacts with California. But Movants have already requested this discovery from plaintiff and declaratory judgment defendant Software Rights Archive itself. Movants' entitlement to that discovery will shortly be decided by the Northern District of California.

Indeed, movants' motion to compel in the California Action made arguments substantially identical to the ones made here – principally, that movants were entitled to "explore the relationship between SRA and these other entities" – on the theory that *if* SRA and its predecessor Software Rights Archive, Inc. were "mere shells," then Altitude's California contacts would be relevant to the issue of personal jurisdiction in that action. *See* Plaintiffs' Opposition to defendants' Motion to Quash plaintiffs' 30(b)(6) Notice of Deposition to defendant Software Rights Archive, LLC and plaintiffs' Cross-Motion to Compel Production of documents from defendant Software Rights Archive, LLC at 5, in the California Action, submitted by SRA, LLC in connection with its opposition to the motion as Exhibit 3 thereto.

Rather than waiting for a ruling on their motion to compel the information from the California district court, Movants multiplied the litigation yet again by filing this ancillary proceeding to compel the same information from Altitude, another non-party. In short, if movants do not get the discovery they want in one court – or even when they do get over 50 boxes of discovery – they simply move on to the next court, roping in yet more entities that were once involved with the patents, or who have some direct or indirect parent-company relationship to SRA, while claiming they are looking for evidence to back up their alter ago claims. This maneuvering is patently improper, and should be stopped by either denying the motion or transferring it to the first-filed Texas action, which has already supervised discovery on movants' standing claims and is therefore best suited to rule on the issues presented.

There is, we understand, no dispute that the Court has discretion to transfer this proceeding – at least to the court in which the underlying action is pending, and in whose name the subpoena was issued. Nor, we submit, can there be any serious dispute that a transfer is the only way to avoid the waste of judicial resources and potentially inconsistent results if two federal district courts analyze and rule on the same discovery issues.

## II. THE CORPORATE STRUCTURE DOCUMENTS ARE NOT RELEVANT TO ANY CLAIM OR DEFENSE IN THE PENDING ACTIONS.

### A. Movants' Theory of Relevance Is Factually Insufficient.

The worst part of Movants' relevance argument regarding the corporate documents is not that it is based on a hypothetical – *if* Software Rights Archive is the alter ego of Altitude, *then* movants may be able to establish personal jurisdiction in California (Mot. at 2) – but that the hypothetical is completely tenuous, lacking any reasonable basis that would lead a court to conclude that there is any point to indulging movants' self-serving speculation.

Specifically, Altitude is a Delaware limited partnership with its principal place of business in New York. So even if Altitude dominated and controlled Software Rights Archive, that does nothing to establish personal jurisdiction over Software Rights Archive in California – the purported goal of the discovery sought.

Given the disconnect between the discovery sought and the reasons given for the discovery, one can reasonably infer that the discovery is being sought for different purposes – here, to impose costs, in time and counsel fees, on patent-holders who dare to challenge deep-pocketed companies that have allegedly infringed those patents. This conclusion is reinforced by the realization that movants' rhetoric about their alter ego claims are just that – rhetoric, not properly alleged claims or defenses.

### B. Movants' Theory of Relevance is also Legally Flawed.

Movants' demand for corporate structure documents is also fatally flawed as a matter of Delaware law. "As a general rule . . . the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004).

As SRA, LLC has noted, because Software Rights Archive is organized under Delaware law, application of the internal affairs doctrine means that Delaware supplies the applicable law for purposes of any alter ego analysis. Delaware "applies the alter ego theory rather strictly", *HMG/Courtland Props., Inc. v. Gray*, 729 A.2d 300, 307 (Del. Ch. 1999); in addition to a finding that "the corporation simply functioned as a facade for the dominant shareholder," *Maloney-Refaie v. Bridge at School, Inc.*, 958 A.2d 871, 881 (Del. Ch. 2008) (internal quotation marks omitted), there must be "an overall element of injustice or unfairness" towards the

plaintiff. *See EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745 (Del. Ch. Sept. 2, 2008), at *11.

Simply put, movants have not and cannot allege any of these or the other factors that have been found to support an alter ego finding, and indeed their speculation about what might be factually relevant is legally *ir*relevant.  Movants' reference to Software Rights Archive's incorporation in Delaware is a perfect example.  Movants actually speculate that Software Rights Archive may have been incorporated to try to insulate its parent entities from personal jurisdiction in California (Mot. at 18, 14).  Movants cite no case establishing the relevance of this speculation, because it is not improper to actual form a Delaware company or corporation, observe the corporate formalities, and transfer specific assets to that entity, so that it can operate with and the benefits of Delaware law rather than, say, California law, when engaged in legal disputes with other entities.  *See, e.g., Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 267, 270 (D. Del. 1989) (holding, in patent infringement action, that parent could not be held liable under alter ego theory for infringement by its subsidiary even where the two were "closely connected" and "less than steadfast in their observation of corporate formalities," there was no showing of fraud or injustice; noting "that requiring [plaintiff] to enforce its patent rights against [defendant] in another forum is not the kind of injustice—if, indeed, it is an injustice at all— which warrants piercing the corporate veil") (citing cases).

Movants' other speculations also fall short.  There is, simply, no improper purpose or injustice in having Software Rights Archive serve as a special-purpose entity to hold the patent rights at issue.  Thus regardless of what the corporate structure documents show about the relationship among the entities, Movants have even alleged, and cannot credibly allege, that the corporate structure in this case is causing fraud or similar injustice – an essential element of any

9

alter ego claim. *See, e.g., Wallace v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999) ("Effectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud"); *Mobil*, 718 F. Supp. at 269 ("[L]imiting one's personal liability is a traditional reason for a corporation. Unless done deliberately, with specific intent to escape liability for a specific tort or class of torts, the cause of justice does not require disregarding the corporate entity." (quotation omitted)).

As SRA, LLC has noted, Software Rights Archive owns the patents-in-suit; it is the only proper party to an action involving the patents-in-suit; and it is subject to jurisdiction in the pending Texas Action. The corporate form is not being used to escape the effect of any potentially adverse judgment. *See Mobil*, 718 F. Supp. at 269-70. Lacking any legally cognizable claim that Altitude Capital is utilizing the corporate form to perpetrate a fraud or work an injustice upon Movants,[5] discovery on this topic is not reasonably calculated to lead to the discovery of admissible evidence.

Even if there were some arguable relevance, or some basis to suspect an alter ego claim, information about corporate structure should be sought from Software Rights Archive itself – indeed, if one is looking for evidence of the abuse of Software Rights Archive's corporate form,

---

[5] Movants' cases are distinguishable on this basis. In *Taurus IP, LLC v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905 (W.D. Wis. 2007), the plaintiff filed a patent infringement lawsuit, and the defendant filed third party claims against four related entities and the principal who operated all five companies. The court held that the third party defendants were subject to personal jurisdiction under the alter ego doctrine, where there was an allegation that the third party defendants fraudulently induced DaimlerChrysler to enter into a licensing agreement to settle a previous patent infringement lawsuit that DaimlerChrysler believed would protect it from lawsuits such as the present one. *Id.* at 911, 920. *Dainippon Screen Manufacturing Co. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998), involved a declaratory judgment action against a competitor, CFM, and that competitor's subsidiary, CFMT, seeking a declaration of invalidity and noninfringement. CFM had incorporated CFMT as a holding company, assigned the patents-in-suit to CFMT, and then arranged to have those patents licensed back to itself. *Id.* at 1267. CFM argued that the case should be dismissed because the court lacked personal jurisdiction over CFMT, which CFM contended was a necessary party to the litigation as the owner of the patents. The appellate court held that CFMT itself had sufficient contacts with California to subject it to jurisdiction there. *Id.* at 1271. In dicta, the court noted that the parent/subsidiary relationship led to the conclusion that jurisdiction over the subsidiary was reasonable, but the facts of that case are inapposite. *Id.* at 1271. In that case, the parent argued that both it and its subsidiary were necessary parties to any declaratory judgment action and attempted to avoid defending a declaratory judgment on that basis. Here, by contrast, the only proper party is Software Rights Archive, LLC.

10

this is where any such inquiry would rationally start, before moving on to any allegedly dominating entities.

### C. The Corporate Structure Documents, Documents Regarding California Contacts, and Documents Regarding Monetization Are Also Not Relevant, or Their Production would be Unduly Burdensome.

As noted, Movants rely on utter speculation to suggest that Software Rights Archive's affiliates (much less Software Rights Archive) might be subject to jurisdiction in California. Or, to put it more charitably, movants seem to assume that everyone *must* have *some* California contact somewhere in their chain of ownership or course of business dealings, and a diligent search will uncover them. For example, Movants base their argument for the discoverability of litigation-related documents on the theory that disclosures "possibly" were made to investors in California. (Mot. at 17.) This argument gives new meaning to the phrase "California Dreaming."

In reality, movants know or should know that in declaratory judgment actions brought by alleged patent infringers seeking declarations of non-infringement and validity, such as the California Action, an indispensible prerequisite to the assertion of specific personal jurisdiction is that the defendant have contacted the forum state plaintiff in some manner prior to filing suit. *See*, *e.g.*, *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008). There is neither evidence nor any credible allegation that Software Rights Archive or Altitude Capital ever contacted any of the Movants prior to the filing of suit to allege infringement of the patents-in-suit. Thus any purported California contacts of persons involved with the other business or affairs of Altitude itself have no relevance to the question of whether Software Rights Archive is subject to personal jurisdiction in the California Action.

Indeed, the declaration of Mr. Barron, submitted by SRA, LLC in connection with its opposition to the motion, puts a stake through movants' speculation on this issue by exhaustively setting forth the lack of any relevant contacts between the relevant parties and California.

11

However, as discussed above, Movants argument fails because the Movants have no basis to allege that Altitude Capital would be subject to jurisdiction in California. They cannot make the essential prerequisite allegation that Altitude capital or anyone in the Software Rights Archive ownership chain contacted any of the Movants prior to the filing of suit to allege infringement of the patents-in-suit.

Accordingly, even assuming, *arguendo*, that Movants had a basis for traveling up the ownership chain—which they do not—discovery concerning Software Rights Archive's owners' contacts with California would not lead to the discovery of any admissible evidence.

### III. THE DISCOVERY SOUGHT IS UNDULY BURDENSOME.

To the extent any of the documents sought are discoverable at all, the motion should still be denied because the requested discovery is obtainable "from some other source that is more convenient, less burdensome, [and] less expensive"—namely, Software Rights Archive. FED. R. CIV. P. 26(b)(2)(C); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, (Fed. Cir. 1993).

Courts "give special weight to the burden on non-parties of producing documents to parties involved in litigation," *Travelers Indemnity Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). Movants' subpoena improperly subjects Altitude Capital to a completely unnecessary – and easily avoidable – burden because, if discoverable, the documents are available from a party to the litigation. *See* FED. R. CIV. P. 45(c)(3)(A)(iv). Indeed, as noted, Movants are *already* seeking to compel documents from Software Rights Archive, from other parties whom movants have tried to sue in their California Action, and from other non-parties to the Pending Actions, such as a bankrupt entity and a former law firm involved in the patents some time ago.

The unreasonableness of this latest foray into non-party discovery before even prevailing in obtaining discovery on similar issues from the opposing party is confirmed by *Haworth v. Herman Miller*, a patent infringement case that affirmed the district court's denial of a motion to compel documents from a non-party where the documents were available from a party to the litigation. Specifically, defendant in *Haworth* had sought to obtain a settlement agreement between the plaintiff and a non-party whom the plaintiff had also sued for infringing the patents-in-suit, from both the plaintiff and the non-party, but moved first to compel production from the non-party. 998 F.2d at 977. Affirming the district court's denial of the motion to compel, the court of appeals explained that "the need for discovery in an ancillary proceeding 'is diminished when the information is obtainable elsewhere.'" *Id.* at 978 (quotation omitted); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quashing subpoena on ground that it imposed undue burden on non-party where the requests all pertained to a party defendant, reasoning that plaintiffs could more easily and inexpensively have obtained the documents from the defendant).

## IV. IN THE ALTERNATIVE TO DENIAL OF THE MOTION, THE COURT SHOULD TRANSFER THIS PROCEEDING TO THE COURT THAT IS HEARING THE TEXAS ACTION.

It is hornbook law that the court has discretion to transfer this proceeding, pursuant to 28 U.S.C. §1404(a), to another district or division "where it might have been brought." In this proceeding, the obvious transferee forum is the Texas Action, where all parties are indisputably subject to the court's jurisdiction, and this is presumably why the subpoena was issued under the caption of the Texas Action.

Transfer to the California Action is arguably problematic, inasmuch as Software Rights Archive and Altitude dispute the exercise of personal jurisdiction over them in the California

Action, and for that reason (as well as others) Altitude is not requesting a transfer to California. Nevertheless, it is true as a practical matter that even the California Action is better suited to resolve the issues raised in this motion than this Court, since it has the benefit of other proceedings and fuller briefing.

## Conclusion

For the foregoing reasons, Altitude Capital Partners, L.P. respectfully requests that the Court deny Movants' motion to compel in its entirety. To the extent that the court does not deny Movants' motion to compel, Altitude Capital Partners, L.P. respectfully requests that the Court transfer the motion to compel to either the United States District Court for the Eastern District of Texas (Marshall Division), for resolution by that transferee court.

Respectfully submitted,

 /s/ Michael J. Barrie
Michael J. Barrie (#4684)
Schnader Harrison Segal & Lewis LLP
824 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 888-4554 (telephone)
(302) 888-1696 (facsimile)
mbarrie@schnader.com

Andrew W. Hayes
Hayes & Maloney LLP
1 Rockefeller Plaza, Suite 1005
New York, NY 10020
Telephone: (212) 554-3120
Facsimile: (212) 554-3121
ahayes@hayes-maloney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2009, I caused the foregoing document to be sent via electronic mail and U.S. Mail to the following:

Lee L. Kaplan
Kristen L. McKeever
Raj Duvvuri
700 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 221-2300
Facsimile: (713) 221-2320
lkaplan@skv.com
kmckeever@skv.com
rduvvuri@skv.com

Ramon K. Tabtiang
Fish & Richardson PC
225 Franklin Street
Boston, MA 02110-2804
Tabtiang@fr.com

Thomas B. Walsh, IV
Fish & Richardson, PC
1717 Main Street, Suite 5000
Dallas, Texas 75201
walsh@fr.com

Raymond N. Scott, Jr.
Gregory R. Booker
Fish & Richardson PC
222 Delaware Avenue, 17th Floor
P. O. Box 1114
Wilmington, DE 19899-1114
rscott@fr.com
grb@fr.com

Jeffrey L. Moyer
Anne Shea Gaza
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
moyer@rlf.com
gaza@rlf.com

Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
mnoreika@mnat.com

Claude M. Stern
Jennifer A. Kash
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
(650) 801-5100
claudestern@quinnemanuel.com
jenniferkash@quinnemanuel.com

/s/ Michael J. Barrie