IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., and LYCOS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> L. DANIEL EGGER, SOFTWARE RIGHTS ARCHIVE, LLC, and SITE TECHNOLOGIES, INC., <br><br> Defendants. | MISC NO. 09-00017-JJF <br><br> PENDING IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION) <br><br> Civil Action No. CV08-03172RMW |
| SOFTWARE RIGHTS ARCHIVE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL LLC, and LYCOS, INC., <br><br> Defendants. | PENDING IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS (MARSHALL DIVISION) <br><br> Civil Action No. 2:07-cv-511 (CE) |

**REPLY BRIEF IN SUPPORT OF GOOGLE INC., AOL LLC, YAHOO! INC., IAC SEARCH & MEDIA, INC., AND LYCOS, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY THIRD PARTIES SRA, LLC AND ALTITUDE CAPITAL PARTNERS, L.P. PURSUANT TO RULE 45 SUBPOENAS**

DATED: March 12, 2009

FISH & RICHARDSON PC
Raymond N. Scott, Jr. (#4949)
Gregory R. Booker (#4784)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: 302-652-5070
Fax: 302-652-0607
Email: rqs@fr.com
        grb@fr.com
*Attorneys for Movants GOOGLE INC and AOL LLC*

Dockets.Justia.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Maryellen Noreika (#3208)
1201 N. Market Street
Wilmington, DE 19801
Telephone: 302-658-9200
Fax: 302-658-3989
Email: mnoreika@mnat.com

Of counsel:

MORRISON & FOERSTER
Michael A. Jacobs (admitted *pro hac vice*)
Richard S. J. Hung (admitted *pro hac vice*)
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Fax: 415-268-7522
Email: mjacobs@mofo.com
Email: rhung@mofo.com
*Attorneys for Movant YAHOO! INC.*

RICHARDS, LAYTON & FINGER, P.A.
Jeffrey Moyer (#3309)
Anne Shea Gaza (#4093)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302- 651-7700
Fax: 302-651-7701
Email: moyer@rlf.com
Email: gaza@rlf.com

Of counsel:

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Claude M. Stern (admitted *pro hac vice*)
Jennifer A. Kash (admitted *pro hac vice*)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: 650-801-5000
Fax: 650-801-5100
Email: claudestern@quinnemanuel.com
Email: jenniferkash@quinnemanuel.com
*Attorneys for Movants IAC SEARCH & MEDIA, INC
and LYCOS, INC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

TABLE OF ABBREVIATIONS ........................................................................................ iv

I.  SUMMARY OF ARGUMENT .............................................................................1

II. THE MOTION TO COMPEL SHOULD BE GRANTED......................................2

    A.  The Discovery Sought By Movants In the California and Texas Actions
        Does Not Preclude Them From Obtaining Important Discovery From
        Respondents ...............................................................................................2

        1.  Pursuant to the Federal Rules and the Schedules of the Related
              Cases, Respondents Should Provide the Requested Discovery Now ..........3

        2.  The Discovery Sought From Respondents Is Not Duplicative
              Because It Appears They Have Unique Documents..................................5

        3.  This Court Is the Only Forum Who Has the Power To Compel
              Respondents To Comply With the Subpoenas ........................................6

    B.  Respondents' Relevancy Arguments Are Misplaced .....................................7

        1.  Respondents' Challenge To the Merits of Movants' Claims Is
              Irrelevant To the Outcome of This Motion As a Matter of Law ..............7

        2.  The Discovery Sought From Respondents Easily Satisfies the
              Lenient Discovery and Relevancy Requirements of the Federal
              Rules ......................................................................................................9

    C.  The Discovery Requests Are Not Overbroad or Unduly Burdensome,
        Especially In Light of Respondents' Close Connection To the Texas and
        California Actions ......................................................................................12

    D.  Altitude Capital Should be Required to Produce a Privilege Log .....................14

III. CONCLUSION.....................................................................................................16

# TABLE OF AUTHORITIES

Page

## Cases

*Alexander v. F B I*,
194 F.R.D. 316 (D.D.C. 2000)...........................................................................8

*Alien Tech Corp v. Intermec, Inc.*,
No. 06-51, 2007 WL 63989 (D.N.D. Jan. 4, 2007) ...........................................11

*BCCI Holdings (Luxembourg) v. Mahfouz*,
No. 92-2763, 1993 WL 70451 (D.D.C. Mar. 5, 1993) ......................................13

*Burton Mech Contractors, Inc v Foreman*,
148 F.R.D. 230 (N.D. Ind. 1992)......................................................................12

*Cardenas v Dorel Juvenile Group, Inc.*,
232 F.R.D. 377 (D. Kan. 2005).........................................................................12

*Cash Today of Texas, Inc v Greenberg*,
No. 02-77, 2002 WL 31414138 (D. Del. Oct. 23, 2002)................................9, 10

*Coffeyville Res Refining & Mktg., LLC v. Liberty Surplus Ins Corp.*,
No. 08-00017, 2008 WL 4853620 (E.D. Ark. Nov. 6, 2008)..........................3, 6

*Composition Roofers Union Local 30 Welfare Trust Fund v Graveley Roofing Enters., Inc.*,
160 F.R.D. 70 (E.D. Pa. 1995)..........................................................................10

*Dainippon Screen Mfg. Co v. CFMT, Inc.*,
142 F.3d 1266 (Fed. Cir. 1998).........................................................................11

*DakColl, Inc v Grand Central Graphics, Inc.*,
352 F. Supp. 2d 990 (D.N.D. 2005)...................................................................13

*Ergo Licensing, LLC v. Cardinal Health, Inc.*,
No. 08-259, 2009 WL 585789 (D. Me. Mar. 5, 2009)......................................11

*In re The Exxon Valdez*,
142 F.R.D. 380 (D.D.C. 1992)...........................................................................14

*First Am Corp v Price Waterhouse LLP*,
154 F.3d 16 (2d Cir. 1998).................................................................................9

*Gillman ex rel Gillman v Sch Bd for Holmes County*,
No. 08-34, 2008 WL 1883544 (N.D. Fla. Apr. 25, 2008) ..................................8

*Haworth, Inc v Herman Miller, Inc.*,
998 F.2d 975 (Fed. Cir. 1993).............................................................................3

RLF1-3377004-1

*Jewish War Veterans of the United States of America, Inc v. Gates,*
   506 F. Supp. 2d 30 (D.D.C. 2007)........................................................................9

*Johnson v. Gov't Employees Ins. Co.,*
   No. 06-408, 2009 WL 435090 (D. Del. Feb. 20, 2009).................................6

*In re Joy Global, Inc.,*
   No. 01-039, 2008 WL 2435552 (D. Del. June 16, 2008)............................15

*Moon v. SCP Pool Corp.,*
   232 F.R.D. 633 (C.D. Cal. 2005).......................................................................3

*In re Teleglobe Commc'ns Corp.,*
   493 F.3d 345 (3d Cir. 2007)...........................................................................15

*Travelers Indem. Co. v. Met. Life Ins. Co.,*
   228 F.R.D. 111 (D. Conn. 2005).......................................................................3

*Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.,*
   813 F.2d 1207 (Fed. Cir. 1987).......................................................................9

*Union Pac. Res. Group, Inc. v. Pennzoil Co.,*
   No. 97-64, 1997 WL 34655410 (D. Del. Aug. 12, 1997)..........................15

## Statutes

35 U.S.C. § 285............................................................................................................10

Fed. R. Civ. P. 26(b)..............................................................................................*passim*

Fed. R. Civ. P. 26(d)(2)(A)..........................................................................................3

Fed. R. Civ. P. 45..........................................................................................................3

Fed. R. Civ. P. 45(c)(2)(B)(i).......................................................................................6

Fed. R. Civ. P. 45(d)(2)(A)(ii)...................................................................................14

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| Altitude Capital | Altitude Capital Partners, L.P. |
| the California action | *Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. v. L. Daniel Egger, Software Rights Archive, LLC, and Site Technologies, Inc*, Case No. CV08-3172 (RMW) |
| Ex. | An Exhibit to Movants' Opening or Reply Briefs in support of their Motion to Compel the Production of Documents by Third Parties SRA, LLC and Altitude Capital Partners, L.P. |
| Movants | Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. |
| Respondents | SRA, LLC and Altitude Capital Partners, L.P. |
| Software Rights Archive | Software Rights Archive, LLC |
| SRA | Respondent SRA, LLC |
| the Texas action | *Software Rights Archive, LLC v. Google Inc., Yahoo! Inc., IAC Search & Media, Inc., AOL LLC, and Lycos, Inc.*, Case No. 2:07-cv-511 (CE) |

RLF1-3377004-1

Movants respectfully submit this reply brief in support of their motion to compel the production of documents by third parties SRA and Altitude Capital pursuant to Rule 45 subpoenas.

## I.  SUMMARY OF ARGUMENT

Respondents have no justification for their blanket refusal to provide important discovery concerning several claims in the related Texas and California actions. The mere fact that Movants have sought or obtained discovery from other entities in the related actions does not preclude them from seeking similar information from Respondents. The Federal Rules and schedules in the related actions permit Movants to concurrently seek discovery from parties (such as Software Rights Archive) and non-parties (such as Respondents). Moreover, it is especially appropriate for Movants to seek this discovery because it is necessary for their brief in opposition to Software Rights Archive's motion to dismiss or transfer the California action, which is due on May 1, 2009.

In light of the urgency of this Motion, the parties have requested oral argument during the week of April 20-24. Respondents have provided no good reason to further delay the resolution of this Motion. The information requested from them is not duplicative, as shown by their discovery responses and their claims that they are separate and distinct entities. Further, only this Court has the power to compel Respondents to comply with the document subpoenas. If Movants do not receive the requested information immediately after oral argument in late April, they will not be able to use it in their opposition brief in the California action. Respondents' hodgepodge of proposals – to transfer this Motion to the Texas court or wait until after the California motion to dismiss is decided – are completely untenable in light of this tight schedule. The only common thread in Respondents' positions is that they do not want Movants to get the requested information in time to use it in the opposition brief. The Court should not allow the

1

efforts of Software Rights Archive and Respondents to attempt to stonewall Movants' legitimate discovery efforts to be successful.

The information sought from Respondents is highly relevant to several issues in the underlying actions, such as whether Software Rights Archive and SRA are mere shell entities, existing to shield Altitude Capital from discovery, from personal jurisdiction in California, and from liability for the related patent litigations. Respondents invite the Court to decide the merits of such claims on this discovery motion, but this puts the cart before the horse. The merits of these claims is not an issue before this Court, and it is well-established that they should not be decided on a discovery motion. Rather, the Court should apply a permissive relevancy standard, which is easily met by the facts here.

Respondents are closely connected to the underlying litigations in the Texas and California actions. In particular, it appears that Altitude Capital is funding the underlying Texas action, and is using shell entities (Software Rights Archive and SRA) in an attempt to insulate itself from liability. Under such circumstances, it is not unduly burdensome to ask Altitude Capital and SRA to provide relevant discovery. Similarly, it is not unduly burdensome for Altitude Capital to provide a privilege log. Its blanket assertion that all documents concerning the purchase of the asserted patents are privileged clearly fails to satisfy the requirement under F.R.C.P. 26(b)(5)(A)(ii) that such documents be described in sufficient detail to permit an independent assessment of the privilege. For these reasons, the Motion should be granted.

## II. THE MOTION TO COMPEL SHOULD BE GRANTED

### A. The Discovery Sought By Movants In the California and Texas Actions Does Not Preclude Them From Obtaining Important Discovery From Respondents

Respondents argue it is inefficient for the Court to decide this Motion because Movants have requested or obtained "duplicative" information in two related litigations: (i) the California

2

action, wherein they have moved to compel discovery from Software Rights Archive, and (ii) the

Texas action, wherein they have obtained discovery from Software Rights Archive regarding the

issue of standing.[1]  Respondents are wrong.  As shown below, there are several reasons why they

should be compelled to provide the requested information immediately.

1.    **Pursuant to the Federal Rules and the Schedules of the Related Cases, Respondents Should Provide the Requested Discovery Now**

The Federal Rules and the schedules in the Texas and California actions make clear that

the Court can and should decide the merits of this Motion now.  The Federal Rules permit

Movants to concurrently seek discovery from a party (*i.e.*, Software Rights Archive) and non-

parties (*i.e.*, SRA and Altitude Capital).  *See* Fed. R. Civ. P. 26(d)(2)(A) ("Unless, on motion, the

court orders otherwise . . . methods of discovery may be used in any sequence"); Fed. R. Civ. P.

45; *see also Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins. Corp.*, No. 08-00017,

2008 WL 4853620, at *2 (E.D. Ark. Nov. 6, 2008) ("[T]here is no absolute rule prohibiting a

party from seeking to obtain the same documents from a non-party as can be obtained from a

party, nor is there an absolute rule providing that the party must first seek those documents from

an opposing party before seeking them from a non-party.").[2]

---

[1]  D.I. 14 at 9; D.I. 17 at 6-7.

[2]    The cases Respondents rely upon offer no support for their claim that Movants cannot concurrently seek discovery from them and Software Rights Archive.  In *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977-78 (Fed. Cir. 1993), unlike this case, the third party had already produced thousands of pages of documents but refused to produce a single settlement agreement signed by a party because it believed such production would violate a duty of confidentiality imposed by the agreement.  Under these circumstances, the court determined the movant should first seek the agreement from its adversary.  In *Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005), unlike this case, the discovery requests were plainly overbroad and lacked appropriate limits on geographic scope and time.  Finally, *Travelers Indem. Co. v. Met Life Ins. Co.* in no way supports SRA and Altitude Capital's position because the information

(footnote continued)

Indeed, it is critical that Movants obtain the requested discovery from Respondents now because they need it to prepare a brief in opposition to Software Rights Archive's motion to dismiss or transfer the California action, which is due on May 1, 2009. In light of the urgent need for this discovery, Movants scheduled the California motion to compel for oral argument on April 17, 2009, and requested oral argument before the Court the following week (April 20-24). There is no reason to delay the resolution of this Motion beyond the requested April hearing date. Movants need to obtain the requested information immediately thereafter in order to prepare their opposition brief in the California action, and at oral argument the Court will have the benefit of any decision made at the hearing on the California motion to compel on April 17.

Movants' attempt to obtain important discovery from Respondents now is also consistent with the schedules in the related Texas and California actions. No order in those cases precludes Movants from concurrently pursuing discovery from Respondents and Software Rights Archive. And there is no risk of inconsistent rulings because the parties have requested that oral argument on this Motion take place after oral argument on the California motion to compel. Respondents incorrectly claim that events in the Texas action, including a purported motion to compel, render this Motion moot.[3] Other than the instant motions before this Court, all pending discovery motions, even those relating to the Texas action, are scheduled to be heard in the Northern District of California on April 17, 2009. Thus, there is no reason to defer this Motion.

---

sought was available in the public court files of a separate bankruptcy proceeding. 228 F.R.D. 111, 114 (D. Conn. 2005).

[3] D.I. 17 at 4.

4

Respondents also have no basis to complain that this Motion has "needlessly multipli[ed]" these proceedings."[4] They, along with Software Rights Archive, precipitated the motions here and in the California action by wrongfully refusing to provide information they know is necessary for Movants' opposition brief. Indeed, Respondents knew about this Motion well before it was filed, yet never offered to subject themselves to the jurisdiction of the California court, or adhere to its ruling regarding the discoverability of the requested information. Movants therefore had no choice but to bring this Motion.

2. **The Discovery Sought From Respondents Is Not Duplicative Because It Appears They Have Unique Documents**

The Court should also decide the merits of the Motion because Respondents and Software Rights Archive have provided no assurance that they have access to each other's documents. Indeed, the discovery responses of Respondents and Software Rights Archive suggest that they do not have the same documents. For example, Software Rights Archive and SRA contend they do not have any documents regarding their relationship with each other and Altitude Capital, while Altitude Capital makes no such representation.[5] The existence of unique documents with each of the parties is further shown by Respondents' position that they are not alter egos of each other and/or Software Rights Archive – under such circumstances, the subsidiaries (Software Rights Archive and SRA) would not have documents under the control of the parent (Altitude Capital).

Even if Respondents are correct that the requested discovery is duplicative, which it is not, it is entirely proper for Movants to request similar information from Respondents and

---

[4] D.I. 14 at 2.

Software Rights Archive.[6] It is well-settled that "[i]n many cases it is important to obtain what should be the same documents from two different sources because tell-tale differences may appear between them; and in many cases when a party obtains what should be the same set of documents from two different sources a critical fact in the litigation turns out to be that one set omitted a document that was in the other set." *Coffeyville Res. Refining & Mktg., LLC*, 2008 WL 4853620, at *2. The same is true here, especially where non-parties SRA and Altitude Capital have such a close connection to the underlying litigations.[7]

### 3. This Court Is the Only Forum Who Has the Power To Compel Respondents To Comply With the Subpoenas

The Court should also decide the merits of the Motion because only it has the power to compel Respondents to comply with the subpoenas. *See* Fed. R. Civ. P. 45(c)(2)(B)(i) ("the serving party may move *the issuing court* for an order compelling production or inspection") (emphasis added). This Court is the court that issued the subpoenas that are the subject of this motion. Moreover, Respondents are not parties to the California action. As a result, the California court cannot compel them to produce any documents; it can only do so for Software Rights Archive. Thus, even if the California court grants Movants' motion to compel, Movants would be left with no recourse to obtain the relevant discovery from Respondents if Software Rights Archive cannot provide such discovery. SRA and Altitude Capital – both Delaware

---

[5] Ex. J, Request Nos. 4, 15; Ex. M, Request No. 2; Ex. T, Request No. 11.

[6] D.I. 14 at 2; D.I. 17 at 6.

[7] *See also Johnson v. Gov't Employees Ins. Co.*, No. 06-408, 2009 WL 435090, at *1 (D. Del. Feb. 20, 2009) (denying motion to quash subpoena where the third party, Berkshire Hathaway, possessed information obtained from the defendants that contradicted defendants' document production to plaintiffs and demonstrated the production "has not been complete or accurate").

6

entities – have not challenged this Court's jurisdiction to enforce the subpoenas. As a result, only this Court can afford Movants the full relief that they seek. Indeed, Altitude Capital alleges that transfer of this Motion to the California action "is arguably problematic" due to alleged jurisdictional defects.[8] And Altitude Capital's suggestion to transfer this dispute to the Texas action is apparently based on its mistaken belief that a discovery motion is currently pending in that District rather than in the Northern District of California.[9]

### B. Respondents' Relevancy Arguments Are Misplaced

Respondents also resist discovery on the ground that information about their corporate structure and relationship with Software Rights Archive is allegedly irrelevant to any claim in the Texas and California actions.[10] In doing so, they engage in a lengthy and unnecessary discussion of the alter ego doctrine, and improperly invite this Court to make a determination on the merits of Movants' theories of personal jurisdiction in the California action. As shown below, their position is wrong as a matter of law and in light of the specific facts here.

#### 1. Respondents' Challenge To the Merits of Movants' Claims Is Irrelevant To the Outcome of This Motion As a Matter of Law

The requested discovery concerning Respondents' corporate structure and relationship is relevant to several issues in the underlying Texas and California actions. Such information is at least relevant to the issue of whether Software Rights Archive and SRA are mere shell entities, existing to shield Altitude Capital from discovery, from personal jurisdiction in California, and from liability for bringing suit. The fact that Software Rights Archive and Altitude Capital share

---

[8]  D.I. 17 at 13.

[9]  D.I. 17 at 4.

[10]  D.I. 14 at 9-15; D.I. 17 at 7-10.

7

an identical New York City address – 485 Madison Avenue – suggests that Software Rights Archive and SRA were formed precisely for that purpose.[11] The requested information would also identify persons acting on behalf of Software Rights Archive, and may well reveal California contacts made on behalf of Software Rights Archive.

Respondents argue this information is irrelevant because it cannot support any legally viable claim.[12] This argument puts the cart before the horse. At this stage in the proceedings, the Court should not decide whether Movants can or will prove the claims at issue here. To the contrary, the discovery sought from Respondents is precisely what will enable a court to determine whether these claims have been proven. As a result, the Court should not curtail discovery of this information simply because the parties currently dispute whether the underlying claims have any merit. "[D]iscovery is not to be denied simply because it relates to a claim or defense that is being challenged as insufficient or untenable." *Gillman ex rel. Gillman v. Sch Bd for Holmes County*, No. 08-34, 2008 WL 1883544, at *3 (N.D. Fla. Apr. 25, 2008); *accord Alexander v. F.B.I*, 194 F.R.D. 316, 326 (D.D.C. 2000) (same). "To hold otherwise, this court would have to determine in the context of a discovery motion whether the legal theories underlying [the] claimed defenses are sound." *Gilman*, 2008 WL 1883544, at *3. For the same reasons here, this Court need not and should not decide the merits of Movants' claims before discovery has been conducted on them.[13] Rather, the Court should compel responses to

---

[11]   Ex. I; *see also* D.I. 2 at 6-7.

[12]   D.I. 14 at 9-12; D.I. 17 at 8.

[13]   In fact, the merits of Movants' claims are properly before the Northern District of California.

8

Movants' narrow, carefully tailored document requests, so that all parties involved have sufficient information regarding the underlying claims.

### 2. The Discovery Sought From Respondents Easily Satisfies the Lenient Discovery and Relevancy Requirements of the Federal Rules

Respondents' position also misses the mark for a second reason – information about the corporate structure and relationship between Respondents and Software Rights Archive is clearly encompassed within the broad discovery and relevancy requirements of the Federal Rules. Federal Rule of Civil Procedure 26(b) allows "broad access to relevant information at the discovery stage." *Jewish War Veterans of the United States of America, Inc v. Gates*, 506 F. Supp. 2d 30, 41 (D.D.C. 2007). Under Rule 26(b), "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Moreover, "[r]elevance for discovery purposes is given very broad meaning." *Cash Today of Texas, Inc. v. Greenberg*, No. 02-77, 2002 WL 31414138, at *1 (D. Del. Oct. 23, 2002).

The same lenient relevance standard applies when seeking discovery from parties and non-parties under the Federal Rules. *See First Am Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2d Cir. 1998) ("Rule 45 draws no distinction between parties and non-parties concerning the scope of discovery"). Thus, "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder." *Truswal Sys. Corp v. Hydro-Air Eng'g, Inc*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987) (quotation omitted). Indeed, "[w]here relevance is in doubt, [Rule 26] indicates that the court should be permissive." *Id.*

In the District of Delaware, the standard for relevance is particularly lenient when ruling on discovery requests to third parties. "[O]nly if it is palpable that the evidence sought can have

9

no possible bearing upon the issues should a court deny discovery by quashing a subpoena."
*Cash Today of Texas, Inc*, 2002 WL 31414138, at *1 (quotation omitted). Moreover, federal
district courts in this Circuit routinely find that discovery from a non-party is relevant where, as
here, the information sought will help document relationships and agreements between separate
entities and may assist in calculating the nature and amount of any alleged damages. *See, e.g.*,
*Composition Roofers Union Local 30 Welfare Trust Fund v Graveley Roofing Enters., Inc*, 160
F.R.D. 70, 73 (E.D. Pa. 1995); *see also Cash Today of Texas, Inc.*, 2002 WL 31414138, at *2
(finding that "[e]ven a cursory review of [the] allegations" revealed the third party documents
sought were relevant and "may provide information regarding damages").

The corporate structure documents requested from Altitude Capital and SRA easily meet
these requirements. As discussed above, such information is at least relevant to the issue of
whether Software Rights Archive and SRA are mere shell entities, existing to shield Altitude
Capital from discovery, from personal jurisdiction in California, and from liability for bringing
suit against Movants. Respondents argue that information about their corporate structure is
irrelevant because it will not prove that they have used the corporate form to achieve a fraud or
injustice, thereby subjecting them to alter ego liability.[14] This argument fails for several reasons.

First, Movants have alleged a colorable claim of fraud or injustice. The patent law
permits an award of attorney's fees in exceptional cases, such as where a patent owner engages
in bad faith litigation. 35 U.S.C. § 285. As a result, the requested information is clearly relevant
to whether Altitude Capital has used SRA and Software Rights Archive to shield it from liability
for the underlying patent litigations. Similarly, it is also relevant to whether Respondents have

---

[14]  D.I. 14 at 10-12; D.I. 17 at 8-10.

used Software Rights Archive to avoid liability and jurisdiction generally in California concerning the disputed issues of patent infringement and ownership. Thus, Movants are entitled to threshold information about Respondents' corporate structure.

Second, Respondents incorrectly contend that an element of fraud or injustice must be shown in order to establish personal jurisdiction over Software Rights Archive in the California action. For example, it is well-established that courts can exercise jurisdiction over closely-related entities and patent holding companies under due process principles, without relying upon the alter ego doctrine. *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998) (finding personal jurisdiction over parent company based in part on its contacts with the plaintiff and the activities of its subsidiary patent holding company); *Ergo Licensing, LLC v. Cardinal Health, Inc.*, No. 08-259, 2009 WL 585789, at *3 (D. Me. Mar. 5, 2009) (granting motion for jurisdictional discovery because movant alleged a colorable claim of jurisdiction over parent and its subsidiary for alleged infringement); *Alien Tech. Corp. v. Intermec, Inc.*, No. 06-51, 2007 WL 63989, at *6-7 (D.N.D. Jan. 4, 2007) (denying motion to dismiss because "fairness demands" that the parent and patent holding company be subject to jurisdiction in a declaratory judgment action). Thus, even if the elements of fraud or injustice are missing here, which they are not, Movants are still entitled to the requested discovery under due process principles – it would be unfair to allow Respondents and/or Software Rights Archive to avoid jurisdiction or liability given their close connection to each other and the underlying patent litigations.

Respondents also argue information about their corporate structure is irrelevant because the declaration of Mr. Russell Barron allegedly proves that Altitude Capital has no relevant

11

contacts with California.[15]   However, Mr. Barron's declaration does not address several

important issues, including the California contacts of Altitude Capital's investors, or Altitude

Capital's contacts with California in connection with the disputed ownership of the patents-in-

suit.[16]  The California action includes issues related to ownership of such patents.  As a result,

the relevant California contacts for purposes of jurisdiction are not limited to whether

Respondents contacted any California entity and alleged infringement.  They also include the

California contacts by Respondents or their representatives regarding patent ownership, an issue

that is not addressed by Mr. Barron's declaration.[17]

C.   **The Discovery Requests Are Not Overbroad or Unduly Burdensome, Especially In Light of Respondents' Close Connection To the Texas and California Actions**

The discovery requested by Movants is not overly broad or unduly burdensome, as

Respondents contend.[18]  Respondents have submitted no evidence in support of this claim, which

precludes them from resisting discovery on this ground.  *See Burton Mech. Contractors, Inc. v.*

*Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992) (a party objecting to discovery requests on

grounds of undue burden "must specifically establish the nature of any alleged burden, usually

by affidavit or other reliable evidence"); *see also Cardenas v. Dorel Juvenile Group, Inc.*, 232

---

[15]   D.I. 14 at 14; D.I. 17 at 11.

[16]   D.I. 14 at Ex. 5.

[17]   *Id.*  In further support of their alter ego position, Respondents argue that "[c]orporate identities cannot be so lightly disregarded" under Delaware law.  (D.I. 14 at 3.)  However, Software Rights Archive strenuously argued in the Texas action that Delaware's alter ego doctrine was implicated by the relationship between two entities involved in the disputed ownership of the patents.

[18]   D.I. 14 at 15; D.I. 17 at 12-13.

F.R.D. 377, 380 (D. Kan. 2005) (party asserting an unduly burdensome objection to a discovery request "has the burden to show not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery").

Even if Respondents had submitted actual proof of alleged undue burden, their claims of undue burden still fail. For example, SRA objects to Request for Production No. 3, which calls for documents sufficient to show the identity of any and all owners and/or beneficiaries having an interest in SRA, on the ground that the request is not limited to "persons having a residence or place of business in California."[19] However, Movants are not required to restrict this request to persons who reside in California or have a place of business there, because numerous other types of contacts are relevant to the personal jurisdiction analysis. Indeed, as a general matter, all contacts between a defendant and the forum state are relevant to the personal jurisdiction analysis and may be inquired about during discovery. *See, e.g.*, *DakColl, Inc. v. Grand Central Graphics, Inc.*, 352 F. Supp. 2d 990, 995 (D.N.D. 2005) ("In determining whether a defendant has sufficient contacts with the forum state to exercise personal jurisdiction, the court must consider all of the contacts in the aggregate and examine the totality of the circumstances."); *BCCI Holdings (Luxembourg) v. Mahfouz*, No. 92-2763, 1993 WL 70451, at *1 (D.D.C. Mar. 5, 1993) ("All contacts with the District of Columbia are relevant to the issue of personal jurisdiction. Accordingly, unless expressly indicated otherwise, defendants must respond to discovery requests relating to any contact with the District of Columbia.")

---

[19]  D.I. 14 at 15.

Altitude Capital contends that the requested discovery is unduly burdensome because it is available from Software Rights Archive, a party to the Texas and California actions.[20] This argument fails because Altitude Capital has not shown that the documents in its custody are entirely duplicative of documents in Software Rights Archive's possession. Indeed, the relevant objections to Movants' discovery requests suggest that Altitude Capital has unique documents relevant to several important issues in these cases.[21]

Moreover, Respondents have no basis to complain about the discovery requested from them given their interest in the underlying litigations. *See, e.g., In re The Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992) (noting that "it is relevant to inquire whether the putative non-party actually has an interest in the outcome of the case"). Indeed, it appears that Altitude Capital is funding the underlying Texas action, and is using shell entities (Software Rights Archive and SRA) with no substantive business operations in an attempt to insulate itself from liability. Under such circumstances, there can be no undue burden.

### D. Altitude Capital Should be Required to Produce a Privilege Log

Altitude Capital has refused to provide a privilege log on the ground that "most if not all of [its responsive] documents were created in the course of performing due diligence on the intellectual property and are privileged."[22] This position directly contradicts Federal Rules of Civil Procedure 26(b)(5)(A)(ii) and 45(d)(2)(A)(ii). Under those rules, Altitude Capital must describe the nature of the withheld documents in sufficient detail so as to enable Movants to

---

[20] D.I. 17 at 12.

[21] Ex. J, Request Nos. 4, 15; Ex. M, Request No. 2; Ex. T, Request No. 11.

[22] D.I. 17 at 3-4.

assess its claims of privilege and work product. Such a description normally includes the date of the document, the authors and recipients, the general subject matter, and a description of why such information is privileged. *See In re Joy Global, Inc*, No. 01-039, 2008 WL 2435552, at *4-5 (D. Del. June 16, 2008) ("[T]he party opposing discovery . . . has the burden of showing that all the elements of the privilege and/or work product protection are satisfied. . . . [T]o the extent it wishes to continue to object to production of any . . . documents based on attorney-client privilege and/or work product protection, it must provide . . . a privilege log with sufficient detail to show a prima facie basis to support [ ] non-production of the document."); *see also Union Pac. Res. Group, Inc. v. Pennzoil Co*, No. 97-64, 1997 WL 34655410, at *1-2 (D. Del. Aug. 12, 1997) (ordering non-party to produce revised privilege log disclosing sufficient information about the author, recipient, general subject matter, and type of privilege asserted).[23]

Altitude Capital's blanket assertion of privilege does not come close to meeting this standard. It has not provided any information that would enable Movants or the Court to determine whether such information is privileged or work product. A party claiming attorney-client privilege must show "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *In re Teleglobe Commc'ns Corp*, 493 F.3d 345, 359 (3d Cir. 2007). Similarly, a party claiming work product protection must show that the protected documents were "prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3). Altitude Capital's bare assertion that its responsive documents "were created in the course of performing due diligence on the intellectual

---

[23] Movants' arguments regarding the necessity of a privilege log apply equally to SRA. SRA must also produce a privilege log to the extent it asserts that any responsive documents in its

(footnote continued)

property" does not even attempt to satisfy the criteria necessary to establish the documents are protected from disclosure by the attorney-client privilege or work product protection. And Altitude Capital cannot expect Movants and the Court to accept at face value its unsubstantiated representation that "[a]ny non-privileged documents that might exist would be of marginal relevance" to issues such as patent validity and any purported infringement.[24] For these reasons, Movants respectfully request that the Court order Altitude Capital to produce a privilege log within 5 days of the Court's order.

## III.    CONCLUSION

For the reasons set forth above, Movants respectfully request that the Court grant their motion to compel and enter an order (a) overruling Altitude Capital's objections, (b) overruling SRA's objections, (c) compelling Altitude Capital to produce all non-privileged responsive documents in response to the document requests in the subpoena dated October 21, 2008 within 5 days of the date of the Court's Order, (d) compelling SRA to produce all non-privileged documents in response to the subpoena dated November 24, 2008 within 5 days of the Court's Order, (e) compelling Altitude Capital to produce a privilege log within 5 days of the Court's Order, and (f) compelling SRA to produce a privilege log within 5 days of the Court's Order.

---

possession are allegedly protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other claim of privilege or protection.

[24]    D.I. 17 at 4.

Dated: March 12, 2009

/s/ *Gregory R. Booker*
Raymond N. Scott, Jr. (#4949)
Gregory R. Booker (#4784)
FISH & RICHARDSON PC
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: 302-652-5070
Fax: 302-652-0607
Email: rqs@fr.com
        grb@fr.com

Attorneys for Movants GOOGLE INC. and AOL LLC

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
Wilmington, DE 19801
Telephone: 302-658-9200
Fax: 302-658-3989
Email: mnoreika@mnat.com

Of counsel:

MORRISON & FOERSTER
Michael A. Jacobs (admitted *pro hac vice*)
Richard S. J. Hung (admitted *pro hac vice*)
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Fax: 415-268-7522
Email: mjacobs@mofo.com
Email: rhung@mofo.com

Attorneys for Movant YAHOO! INC.

17

*/s/ Anne Shea Gaza*

Jeffrey L. Moyer (# 3309)
Anne Shea Gaza (# 4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Fax: 302-651-7701
Email: moyer@rlf.com
Email: gaza@rlf.com

Of counsel:

Claude M. Stern (admitted *pro hac vice*)
Jennifer A. Kash (admitted *pro hac vice*)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: 650-801-5000
Fax: 650-801-5100
Email: claudestern@quinnemanuel.com
Email: jenniferkash@quinnemanuel.com

Attorneys for Movants IAC SEARCH & MEDIA, INC
and LYCOS, INC.

18

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2009, I caused to be served by **electronic mail and hand delivery** the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Michael J. Barrie
Schnader Harrison Segal & Lewis LLP
824 N. Market Street, Suite 1001
Wilmington, DE 19801
mbarrie@schnader.com

I hereby certify that on March 12, 2009, I caused to be sent by **electronic mail and Federal Express** the foregoing document to the following non-registered participants:

Lee Landa Kaplan
Smyser Kaplan & Veselka
700 Louisiana St., Suite 2300
Houston, TX 77002
lkaplan@skv.com

Andrew W. Hayes
Hayes & Maloney LLP
1 Rockefeller Plaza, Suite 1005
New York, N.Y. 10020-2075
ahayes@hayes-maloney.com

Anne Shea Gaza (#4093)
gaza@rlf.com