IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, | : |
| | : Misc. No. 09-017-JJF |
| Plaintiff, | : |
| | : PENDING IN THE UNITED STATES |
| v. | : DISTRICT COURT FOR THE |
| | : EASTERN DISTRICT OF TEXAS |
| GOOGLE INC., YAHOO! INC., IAC | : (MARHSALL DIVISION) |
| SEARCH & MEDIA, INC., AOL LLC and | : |
| LYCOS, INC., | : C.A. No. 2:07-CV-511 (CE) |
| | : |
| Defendants. | : |
| | : |
| GOOGLE INC., YAHOO! INC., IAC | : |
| SEARCH & MEDIA, INC., AOL LLC and | : |
| LYCOS, INC., | : |
| | : |
| Plaintiff, | : PENDING IN THE UNITED STATES |
| | : DISTRICT COURT FOR THE |
| v. | : NORTHERN DISTRICT OF |
| | : CALIFORNIA (SAN JOSE |
| L. DANIEL EGGER, SOFTWARE RIGHTS | : DIVISION) |
| ARCHIVE, LLC, and SITE | : |
| TECHNOLOGIES, INC., | : C.A. No. CV08-03172RMW |
| | : |
| Defendants. | : |

Claude M. Stern, Esquire and Jennifer A. Kash, Esquire of QUINN
EMANUEL URQUHART OLIVER & HEDGES, LLP, Redwood Shores,
California.
Jeffrey L. Moyer, Esquire of RICHARDS, LAYTON & FINGER, P.A.,
Wilmington, Delaware.

Attorneys for Movants IAC Search & media, Inc. and Lycos, Inc.

Maryellen Noreika, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL
LLP, Wilmington, Delaware.

Attorney for Movant YAHOO! Inc.

Raymond N. Scott, Jr., Esquire and Gregory R. Booker, Esquire of
FISH & RICHARDSON PC, Wilmington, Delaware.

Attorneys for Movants Google, Inc. and AOL LLC.

Lee L. Kaplan, Esquire; Kristen L. McKeever, Esquire and Raj
Duvvuri, Esquire of SMYSER KAPLAN & VESELKA, L.L.P., Houston
Texas.
Michael J. Barrie, Esquire of SCHNADER HARRISON SEGAL & LEWIS
LLP, Wilmington, Delaware.

Attorneys for Respondent SRA LLC.

Andrew W. Hayes, Esquire of HAYES & MALONEY LLP, New York, New
York.
Michael J. Barrie, Esquire of SCHNADER HARRISON SEGAL & LEWIS
LLP, Wilmington, Delaware.

Attorneys for Respondent Altitude Capital Partners, L.P.

**O P I N I O N**

May 21 2009
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc.'s (collectively "Movants") Motion To Compel The Production Of Documents By Third Parties SRA, LLC And Altitude Capital Partners L.P. Pursuant To Rule 45 Subpoenas (D.I. 1). For the reasons discussed, Movant's Motion To Compel will be granted.

## I. BACKGROUND

The instant discovery dispute stems from two ongoing patent infringement actions, one in Texas and one in California. In the Texas action, Software Rights Archive, LLC ("Software Rights Archive") asserted against Movants patents pertaining to Internet search engines. (See D.I. 8, Exh. C.) Shortly thereafter, Movants initiated the California action, seeking a declaratory judgment that the patents-in-suit in the Texas action were invalid, not infringed, unenforceable, and not owned by Software Rights Archive. (See id., Exh. D at 9-11.) The defendants in the California action then moved to dismiss, transfer, or stay the California action, contending inter alia that the California court lacked jurisdiction over Software Rights Archive. (See id., Exh. E.)

Respondent SRA, LLC ("SRA") is a Delaware limited liability company that owns Software Rights Archive. (D.I. 17 at 2.) According to Movants, SRA also controls Software Rights Archive

1

to the extent that it lacks a distinct corporate identity from Software Rights Archive.  Hence, according to Movants, the California contacts of SRA may be used to establish jurisdiction over Software Rights Archive in the California action.  (See D.I. 2 at 2.)  Similarly, Respondent Altitude Capital Partners, L.P. ("Altitude Capital") is a Delaware limited partnership, which, according to Movants, controls SRA and may thus have contacts with California that bear on the California Court's jurisdiction over Software Rights Archive.  (See id.)  The only known officer of Software Rights Archive, Russell J. Barron, is affiliated with Altitude Capital, though the specifics of his affiliation remain unclear.  (See D.I. 8, Exh. G.)  In addition, Software Rights Archive appears to share the same New York City address as Altitude Capital.  (See id., Exhs. G, I.)

Movants seek discovery from SRA and Altitude Capital that is allegedly relevant to critical issues in the Texas and California actions.  Specifically, Movants seek discovery regarding (1) Respondents' possible California contacts, (2) Respondents' efforts, if any, to monetize the patents-in-suit, and (3) documents relating to the patents-in-suit and the named inventors.  (See id. at 2-3.)  Movants contend that after serving Respondents with Rule 45 subpoenas, Respondents raised a series of pro forma objections and otherwise refused to produce documents, thus precipitating the instant Motion To Compel.  (See

2

id. at 8.)

Both Respondents resist discovery on essentially the same grounds. First, as to documents regarding Respondents' contacts with California, Respondents note that Movants are seeking similar documents from Software Rights Archive in the California litigation and maintain that Movants should not be allowed to wastefully seek similar documents in two separate courts. (See D.I. 14 at 2; D.I. 17 at 6-7.) Second, Respondents contend that they are distinct corporate entities from Software Rights Archive, so any contacts they may have had with California are simply irrelevant as a matter of law. (See D.I. 14 at 2; D.I. 17 at 7-8.) Respondents argue that under Delaware law, application of an alter ego theory is appropriate only if there is some element of injustice that would result from observing the corporate form in the normal course. Regardless of what documents they produce in discovery, Respondents contend that Movants will be unable to make a case of unfairness or injustice that justifies application of an alter ego theory. (See D.I. 14 at 11; D.I. 17 at 8-9.) Third, Respondents contend that as a factual matter, "no California contacts of anyone in the Software Rights Archive ownership chain has any conceivable relevance to the question of whether the California court may exercise specific personal jurisdiction over Software Rights Archive." (D.I. 14 at 14; see also D.I. 17 at 11-12.) In support of this

position, Respondents provide the declaration of Russell J. Barron, which allegedly "conclusively establish[es]" that Respondents are not subject to jurisdiction in California. (See D.I. 14, Exh. 5.) Finally, Respondents contend that it would be unduly burdensome to produce the requested documents. (See D.I. 14 at 15; D.I. 17 at 12.) In particular, with respect to the production of documents related to the patents-in-suit, Altitude Capital contends that these documents are privileged because they were created in the process of doing intellectual property due diligence. (D.I. 17 at 3-4.)

## II. DISCUSSION

The Court is unpersuaded by Respondents' arguments.

As to Respondents' position that Movants should be allowed to seek documents only from Software Rights Archive and only through the California action, the Court agrees with Movants that "there is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before seeking them from a non-party." Coffeyville Res. Ref. & Mktg. LLC v. Liberty Surplus Ins. Corp., No. 08-00017, 2008 U.S. Dist. LEXIS 91224, at *5 (E.D. Ark. Nov. 6, 2008); see also Viacom Int'l, Inc. v. YouTube, Inc., No. C 08-80129 SI, 2008 U.S. Dist. LEXIS 79777, at *10 (N.D. Cal. Aug. 18, 2008) ("[T]here is

4

no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession."). Furthermore, the Advisory Committee Note to Rule 45 explains that "[t]he non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." Fed. R. Civ. P. 45 advisory committee's note. Thus, although it is appropriate to consider Respondents' status as non-parties, the Court does not believe that this consideration rigidly tilts in favor of shielding them from discovery.

Indeed, in considering how to allocate the costs of production from non-parties, "it is relevant to inquire whether the putative non-party actually has an interest in the outcome of the case . . . ." In re The Exxon Valdez, 142 F.R.D. 380, 383 (D.D.C. 1992). In the Court's view, it is also useful to consider this in deciding whether production should be ordered in the first place. See, e.g., Peskoff v. Faber, No. 04-526, 2006 U.S. Dist. LEXIS 46372, at *9-*10 (D.D.C. July 11, 2006) (in ordering discovery from a non-party, explaining that "this is not a situation . . . where a non-party is burdened by a subpoena relating to litigation to which it is has no or only a peripheral interest"). Here, as Movants note, Respondents are in an ownership chain with Software Rights Archive, and Altitude Capital even shares the same Madison Avenue address as Software

Rights Archive. (See D.I. 8, Exh. I.) Software Rights Archive has further stated in an Interrogatory Response that its "stakeholder has an interest" in any recovery from this litigation. (See D.I. 8, Exh. F at 8-9.) Accordingly, there is ample reason to believe that Respondents do indeed have an interest in the underlying California and Texas litigations.

In Viacom Int'l, Inc. v. YouTube, Inc., the Northern District of California offered yet an additional mode of analysis that the Court finds useful here. Specifically, where a party requests documents from a non-party that are likely to be in the possession of an opposing party, production of documents is appropriate where those documents constitute a "non-well-defined set" "whose completeness is not readily verifiable." Viacom, 2008 U.S. Dist. Lexis 79777, at *7-8. By, in these circumstances, allowing for discovery from both the party and non-party, completeness of discovery is more likely to be achieved. On the other hand, where, for example, as in Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 978 (Fed. Cir. 1993), a party seeks a specific document from both a non-party and an opposing party that is nonetheless surely in the hands of the opposing party, there is far less need to burden the non-party, if at all. See Viacom, 2008 U.S. Dist. Lexis 79777 at *7-*11.

Here, Movants seek documents pertaining to (1) the relationship between Software Rights Archive and Respondents and

(2) the patents-in-suit. In the Court's view, the requested classes of documents do not constitute a well-defined set that Software Rights Archive can verifiably provide in full. Indeed, as Movants note, there is reason to believe that Respondents each have unique documents. For one thing, as explained above, Respondents are adamant that they have distinct corporate identities from each other. In these circumstances, it is quite possible that each entity may have unique documents. In addition, both SRA and Software Rights Archive contend that they have no documents describing their relationship with Altitude Capital, (see D.I. 8, Exh. M at 7; D.I. 22, Exh. T at 6-7), while Altitude Capital makes no such representations. (See D.I. 8, Exh. J at 6, 10). Similarly, with respect to documents about the patents-in-suit, SRA contends that it has no such documents, (see D.I. 14 at 1), while Altitude Capital clearly has relevant documents. Indeed, it is resisting production of such documents on privilege grounds. (See D.I. 17 at 3-4.) Accordingly, the Court will not deny Movant's Motion To Compel on the basis of considerations pertaining to allegedly overlapping discovery efforts in the California action.

As to Respondents' arguments that the requested documents are legally and factually irrelevant to the question of California jurisdiction, the Court agrees with Movants that these arguments are premature. Respondents' arguments focus not on

whether discovery is proper, but, in the Court's view, incorrectly skip ahead to the merits of whether, on the current record, jurisdiction is now proper in the California court. For instance, with regard to whether an alter ego theory is applicable here, it may be true, as Respondents contend, that such a theory cannot be applied absent an element of injustice or unfairness, and it may also be the case that Movants cannot, at the moment, conclusively establish this. But, absent additional discovery, the Court is unable to conclude, as Respondents contend, that Movants will never be able to establish California jurisdiction. Similarly, to the extent Respondents rely on the declaration of Russell J. Barron to establish that they have no California contacts, the Court concludes that this is again an attempt to reverse the normal order of events and focus on the merits of an issue before adequate discovery has taken place.[1] Though Respondents focus their relevance arguments on documents pertaining to jurisdiction, the Court notes for completeness that documents pertaining to the patents-in-suit, including documents regarding patent monetization efforts and the inventor, are unquestionably relevant. To the extent such documents are in

---

[1] In addition, the Court notes that Mr. Barron's declaration fails to establish his position with Respondents or any other basis for his supposed knowledge. (See D.I. 14, Exh. 5.) In fact, Mr. Barron's conclusory declaration is wholly lacking in any convincing matter establishing that Respondents are not subject to jurisdiction in California.

8

Respondents' possession, custody, or control, they must be produced or recorded on a proper privilege log.[2]

Finally, the Court finds that Respondents have not established that it would be an undue burden for them to produce the requested documents. To the extent Respondents contend that it is an undue burden for them to produce documents because Movants are seeking similar documents from Software Rights Archive in the California litigation, the Court has addressed these arguments above. With regard to documents relating to the patents-in-suit and the named inventors, Altitude Capital acknowledges that it has such documents, but further contends that it would be unduly burdensome to produce them because they were created in the course of performing intellectual property due diligence and are thus privileged. For the same reason, Altitude Capital has declined to produce a privilege log. (D.I. 17 at 3-4.) However, in the Court's view, these types of documents are of unquestionable relevance, and Movants are entitled to have discovery of these documents to the extent they are not privileged. To the extent they are privileged, Respondents must produce a privilege log.

---

[2] Should the California court dismiss the California declaratory judgment action prior to the compliance deadline set forth in this Opinion, the Court will, upon a motion by Respondents, reconsider its decision in this Opinion as to documents that are relevant only to the issue of California jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Movants' Motion To Compel.

An appropriate Order will be entered.